BILL LOCKETT v. THE STATE.

No. 675.   Decided June 8, 1910.

</div>

**1.—Theft of Hog—Ownership—Possession—Want of Consent—Statutes Construed.**

Article 445, Code Criminal Procedure, providing that the ownership of property may be alleged to be in all or either of the common or joint owners, applies as well to actual owners as to special owners of the property.

**2.—Same—Ownership—Possession—Indictment.**

It has been held that the better practice is always to allege the ownership in the person who has possession of the property at the time it is taken, therefore it may be stated that the party having possession of personal property at the time it is taken is the owner of the property.

**3.—Same—Case Stated—Want of Consent.**

Where, upon trial for theft of hogs, the evidence showed that the actual owner had left the care, management and control of the property with his son, brother and brother-in-law, in one of whom the ownership was laid in the indictment, the State made out its case when it proved that the latter was a special joint owner with the others; and while it was not necessary to show want of consent of the other joint owners, there was no reversible error to have done so.

**4.—Same—Charge of Court—Mistake—Good Faith.**

Where, upon trial of theft of hogs, the court properly submitted the ques-

tion of mistake and good faith, there was no error in refusing special instruc-
tions on the same issue.

Appeal from the District Court of Nacogdoches.    Tried below
before the Hon. Jas. I. Perkins.

Appeal from a conviction of theft of hogs; penalty, two years im-
prisonment in the penitentiary.

The opinion states the case.

*King & King*, for appellant.—On question of the court's failure to
charge on fraudulent intent at the time of the taking:. Johnson v.
State, 41 Texas, 608; Alexander v. State, 9 Texas Crim. App., 48;
Darnell v. State, 43 Texas Crim. Rep., 86, 63 S. W. Rep., 631;
Parks v. State, 29 Texas Crim. App., 597.

*John A. Mobley*, Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was indicted in the court below for
the theft of three hogs, being the property of W. H. Barr, and taken
from his possession.  His trial resulted in a conviction with a penalty
of two years confinement in the penitentiary.

On the trial of the case the proof developed that the three hogs
belonged to W. A. Barr; that W. A. Barr removed from the place
where the hogs ranged, and when he left he directed W. H. Barr,
his son, his brother and his son-in-law to look after and take care of
his hogs.  W. H. Barr testified that at the time the hogs were taken
he was looking after the hogs and feeding them.  On the trial of the
case, over appellant's objections, the State was permitted to prove
by J. P. Barr, who was a brother of W. A. Barr, that he did not
give the defendant his consent to take the hogs, and also objected to
the State proving by the witness Greer, who was a brother-in-law
of W. A. Barr, that he did not give his consent to defendant taking
the hogs.  Appellant reserved a bill of exception to this proof on the
ground that as the indictment charged that the property was taken
from the possession of W. H. Barr, that this testimony would be
immaterial and irrelevant, and as there was no allegation of either
ownership or possession in the said Greer and J. P. Barr, that to
negative their consent would be a variance between the allegation
and the proof.  It is a sufficient answer to these objections to say
that our court has held in the case of Bailey v. State, 18 Texas Crim.
App., 426, adversely to appellant's contention.  The contention is
further made that the special ownership of these hogs being shown
in Greer and the two Barrs, that this would constitute a variance,
as the indictment alleged the special ownership of one only.  Article
862 of White's Penal Code says it is not necessary, in order to con-
stitute theft, that the possesion and ownership of the property be in
the same person at the time of the taking, and article 863 of the
Penal Code provides that possession of the person so unlawfully de-

prived of property is constituted by the exercise of actual control, care and management of the property. Article 445 of the Code of Criminal Procedure provides: "Where one person owns the property, and another person has the possession, charge or control of the same, the ownership thereof may be alleged in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them." Appellant makes the contention before this court that the provisions of article 445 apply only to the actual owner and that they can not be carried over and made to apply to the special owner. It has been held in this State that the better practice is always to allege the ownership in the person who has possession of the property at the time it is taken. Therefore, in law it may be stated that the party having possession of personal property at the time it is taken is the owner of the property. This being so, then the provisions of article 445 not only cover the real owner of the property, but the one having possession of the same. Under the law, as it formerly existed, it was necessary to allege all the owners of the property, and that if on the trial of the case the proof should show that others were joint owners than those named in the indictment, this would be a fatal variance, but under the present law the rule is changed. In the case of Clark v. State, 26 Texas Crim. App., 486, it was held that Murphy being a joint owner and possessor with others of the stolen property, will support the allegation of the indictment which laid the ownership and possession in him only. While the proof showed by the real owner of the hogs that he had left the care, management and control of the property with his son, brother and brother-in-law, yet the party in whom the ownership was laid in the bill of indictment testified that he was looking after the hogs and feeding them at the time they were taken. This being so, the State made out its case when it proved that he was a special joint owner with the others, and while all three had the care and management, yet it was not necessary for the State to prove the want of consent of the other joint owners, yet to prove such want of consent would not be reversible error nor prejudicial to appellant. The defendant would have the right to show that he had taken the property with the consent of the other joint owners, or either of them, and this, if successfully done, would defeat the prosecution. See Bailey v. State, supra, and also Frazier v. State, 18 Texas Crim. App., 434.

It is further contended that the court below erred in not giving appellant's requested instruction. The court in its main charge to the jury instructed them as follows: "If you believe defendant took the hog or hogs of Barr, but you also believe he took the same under a mistaken claim of ownership, in good faith, believing the same was his own property, or if from the evidence you have a reasonable doubt as to whether or not he took it or them under such mistake, you will find the defendant not guilty." Appellant requested the

following charge, which was refused: "You are instructed as a part of the law of this case in connection with the main charge that if you find and believe from the evidence before you that the defendant owned hogs in the vicinity where the hogs were running belonging to W. H. Barr, and that he was unacquainted with all of his hogs, but was informed by Allen Yarbrough and Sam Yarbrough, or by either of them, that the hogs described in the indictment, and upon said information he honestly believed the same to be his own, then the defendant would not be guilty of theft, and this, though you may believe the hogs were in fact the property of the party alleged in the indictment, and if you so find the facts to be, or if from the evidence you have a reasonable doubt as to whether or not such are the facts, you will find the defendant not guilty." We see but little difference in the charge requested and the one given. The special charge attempts to detail the evidence upon which the theory of defendant was founded. The court directed the jury that if defendant took the hogs under mistake in good faith, believing the same was his property, they would acquit. The defendant asked the court to charge the jury that if he honestly believed the same to be his own hogs, and he took them, to acquit. Honestly believing them to be his own, and in good faith believing them to be his own, would mean practically the same. This practically is the only difference in the charge as given and the one requested, except that in the special charge there was an effort on the part of appellant to detail the circumstances that would lead up to the honest belief. The court is not called upon to single out testimony and detail it before the jury, and then state what should be their conclusion if they found the testimony to be true. If the testimony made an issue before the jury, it is sufficient for the court to tell the jury if they believe that issue, or if they have a reasonable doubt as to whether it was true or not, to acquit. This is a sufficient compliance with the law. These are the only grounds of objection made in the trial of the case.

We think the testimony sufficiently warrants the verdict, and finding no error in the record, the judgment is affirmed.

*Affirmed.*