CHARLES CLINE V. THE STATE.

No. 3959. Decided February 16, 1916.

Rehearing denied March 15, 1916.

**1.—Murder—Precedent—Companion Cases.**

Where, upon trial of murder, the same was tried in accordance with the opinion of this court in companion cases, there was no reversible error.

**2.—Same—Principals—Conspiracy—Precedent.**

Where, upon trial of murder, the law of principals, conspiracy, etc., was correctly decided by this court in companion cases, there is no reason to again discuss these questions.

**3.—Same—Evidence—Newspaper Manifestos—Spanish Language.**

Where, upon trial of murder, the case was largely dependent on circumstantial evidence to show a conspiracy, there was no error in admitting in evidence a certain newspaper manifesto, not withstanding defendant testified that he had never seen or read the same and could not read Spanish, the same being in Spanish. This document, like all the other several articles found with the company of which defendant was a member, was admissible in evidence. Following Martinez v. State, 171 S. W. Rep., 1153.

**4.—Same—Charge of Court—Objections—Bill of Exceptions.**

In the absence of a showing in the record that the objections to the court's charge were seen by or acted upon by the trial judge, and the insufficiency of the bills of exceptions to the refusal of the court to give special requested instructions, the matter can not be reviewed on appeal. Following Byrd v. State, 69 Texas Crim. Rep., 35, and other cases. Besides there was no reversible error.

**5.—Same—Sufficiency of the Evidence—Practice—Precedent.**

Where, upon trial of murder, the evidence was sufficient to sustain the conviction under a proper charge of the court, and all the questions raised are adversely decided in companion cases, there was no reversible error.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of murder; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

*Haltom & Haltom,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—This is the second appeal in this case. The first is reported in 77 Texas Crim. Rep., 281, 178 S. W.

Rep., 520. The same punishment was assessed this time as was on the first trial.

This is a companion case to that of Serrato and others, reported in 74 Texas Crim. Rep., 413, 171 S. W. Rep., beginning at page 1133, and several other cases reported in that volume, and some other cases decided and reported in subsequent volumes.

This trial was in accordance with the law as laid down in the trials of the other companion cases where applicable. None of the questions are raised on this trial upon which the former conviction was reversed. This trial was in accordance with the opinion therein rendered where applicable to this trial.

Appellant contends on this, as he did on the former, appeal that the holding of the court as to the law of principals, conspiracy, etc., as held in companion cases and in this, is incorrect   We have thoroughly considered this question in all these cases, and we have no occasion to change our views. In fact, we are more confirmed each time of the correctness of our views. It is wholly unnecessary to again discuss these questions.

On the trial of this cause, as in several of the others, the court admitted in evidence what is called the "Manifesto," which is fully copied in the opinion in the Martinez case, 75 Texas Crim. Rep., 416, 171 S. W. Rep., 1153, over appellant's objections. In our opinion, said document was admissible, notwithstanding he testified in this case, he knew nothing about it, had never seen nor read it and could not read Spanish, it being in Spanish. That document, like all the other war munitions and the several articles found with the company of which appellant was a member, was admissible as a circumstance together with all the others and the positive testimony as tending to show the objects and purpose of appellant and his company and comrades. This holding is in accordance with our decision on this question in all these companion cases. There is no necessity of discussing the question.

Appellant has several bills of exceptions to the refusal of the court to give several special charges requested by him. There is also in the record what is stated to be objections to the court's charge. It is in no way authenticated as having been presented to, seen by or acted upon by the trial judge. Not a single one of his bills or requested charges show that they were presented to the court at such a time and under such circumstances as required by our present statute and the many and uniform decisions of this court thereunder since its enactment. In each of his bills to the refusal of the court to give his special charge, he merely states that, upon trial of the cause, he asked such charge, quoting it, and then states that the court refused to give it, to which he excepted, and he asked that his bill be approved, which was done by the signature of the judge thereto. See Ross v. State, 75 Texas Crim. Rep., 59, 170 S. W. Rep., 305, and a great many cases decided by this court since then; also Ryan v. State, 64 Texas Crim. Rep., 628; Byrd v. State, 69 Texas Crim. Rep., 35. A great many

cases could be cited to the same effect. The decisions are uniform on this subject.

However, we will say that we have examined each of appellant's specially requested charges which were refused, and, in our opinion, the court committed no reversible error in refusing to give either of them.

Appellant's able attorneys on both appeals in this case in oral arguments and by brief have forcibly presented his contentions. We have thoroughly considered the whole matter. We see no necessity of reviewing and discussing the authorities nor in discussing the various questions raised herein. They have so many times in these companion cases been fully discussed and the authorities cited and reviewed, there is no necessity of doing so again. In our opinion, no reversible error is presented in this case, and the judgment will, therefore, be affirmed.

*Affirmed.*

[Rehearing denied March 15, 1916.—Reporter.]