### J. D. BARRIOS v. THE STATE.

#### No. 5067. Decided June 12, 1918.

1.—Abandonment of Wife and Child—Presumption of Death of Former Spouse—Charge of Court.

Where, upon trial of abandonment of wife and child, under article 640a, P. C., there was evidence that the alleged wife had been previously married and that her said husband was still living, it was necessary for the State to show that the alleged wife was, in fact, legally married to the defendant, and where the court's charge on this question instructed the jury that seven years' absence of the said spouse made the presumption of his death absolute, the same was reversible error.

2.—Same—Charge of Court—Bill of Exceptions.

Where the State contended, on appeal, that appellant's bill of exceptions to the court's charge failed to show error in the absence of a special charge pointing out said error; held, that the court should have withdrawn his main charge in response to the objections made thereto as the error was affirmative in its nature. Following Novy v. State, 62 Texas Crim. Rep., 492, 138 S. W. Rep., 139.

3.—Same—Requested Charges—Bill of Exceptions—Rule Stated.

Where the requested charges are refused by the court below, and are not brought up for review to this court by bills of exception, they can not be considered on appeal. Following Brown v. State, 73 Texas Crim. Rep., 571, and other cases.

Appeal from the County Court of Dallas County at Law No. 2. Tried below before the Hon. W. L. Thornton.

Appeal from a conviction of wife and child desertion; penalty, a fine of one hundred and fifty dollars.

The opinion states the case.

*Williams, Baskett & Harty* and *John White,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, JUDGE.—Appellant was convicted for desertion of his wife and child under article 640a, P. C.

Appellant and his alleged wife were married in Texas in 1914, and that he abandoned her is a conceded fact which he justifies on various grounds, among them, that she was not his wife. This is based upon the alleged fact that he married her believing she was a maiden, but that she was in fact the wife of another man living. She married a man named Zapata in 1905. He killed her father in 1906 and fled to Mexico. Her mother, since deceased, went to Mexico and claimed to have learned that Zapata was dead and so informed Mrs. Barrios. The fact of his death was controverted. Several witnesses claimed to have heard of him at various times during the period of his absence; some of them subsequent to the time that it was claimed that he died.

The court instructed the jury that if during his seven years absence his wife had not known of his whereabouts that the presumption of death was absolute. This was not the language but the substance of the charge, to which exception was raised. We think this charge was upon the weight of the evidence. Our statute, article 5707, Vernon's Sayles' Civil Statutes, declares: "Any person absenting himself beyond the seas or elsewhere for seven years successively shall be presumed to be dead in any case wherein his death may come in question, unless proof be made that he was alive within that time." The presumption of death arising from seven years absence is not absolute. See Wharton, Crim. Law, vol. 2, sec. 809. The statute in question, in terms, makes the presumption rebuttable when it says, "Unless proof be made that he was alive within that time." The courts so construe it. See Gorham v. Settegast, 98 S. W. Rep., 665; Francis v. Francis, 57 Am. St. Rep., 648. It is believed the fact that under article 482, P. C., Mrs. Barrios would have been exempt from conviction of bigamy would not control. The prosecution is not against her but upon appellant based upon the fact that she being his wife he had abandoned her. Before his guilt of deserting his wife could be established it was essential that it appear that he had a wife. The woman he deserted could not have been his wife if she at the time of the purported marriage had a living husband. Her previous marriage having been established, and there being evidence rebutting the presumption of the death of her husband, it was essential

to a fair trial that the jury be permitted to solve the controverted question under a proper charge. This we think was not done.

The State's contention that the bill of exceptions reserved to the court's charge fails to show error in the absence of a bill of exceptions reserved to the refusal of a special charge correcting the error in the charge complained of, would be sound as applied to a case where the charge was not affirmatively wrong. Teem v. State, 79 Texas Crim. Rep., 285. We think the error in the charge in question was affirmative and that the trial court should have withdrawn it in response to the objections that were made to it at the time of the trial and preserved in the bill of exceptions which brings the matter before this court for review. See Novy v. State, 62 Texas Crim. Rep., 492, 138 S. W. Rep., 139.

We find in the record a number of special charges requested which were refused, with reference to which no bills of exceptions are preserved. The State insists that these special charges can not become the subject of review in the absence of bills of exceptions. This states the correct rule. Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317; Brown v. State, 73 Texas Crim. Rep., 571; Ferguson v. State, 187 S. W. Rep., 476; Ellis v. State, 189 S. W. Rep., 1074; Moore v. State, 78 Texas Crim. Rep., 171, 180 S. W. Rep., 677; Cline v. State, 79 Texas Crim. Rep., 229, 183 S. W. Rep., 1152. Counsel for appellant meets this view by drawing attention to chapter 177, Acts of the Thirty-fifth Legislature, page 389. In this chapter, chapter 59, page 113, of the Acts of the Thirty-third Legislature is amended. This chapter relates to procedure in civil cases and is article 1974 in the Revised Civil Statutes of 1911, and also in chapter 177, supra. This chapter does not amend the procedure in criminal cases which is embodied in chapter 138 by the Acts of the Thirty-third Legislature, chapter 278, which amends articles 735, 737-743 and adds article 737a, title 8, chapter 5, of the C. C. P. The special charges refused and not brought up for review by bills of exceptions can not be subject for consideration in this court.

For the error in the charge pointed out the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*