JOSE ANTONIO NARANGO v. THE STATE.

No. 5829. Decided June 16, 1920.

1.—Theft—Statement of Facts—Statute Construed—Rehearing.

Article 844c, C. C. P. requires the filing of duplicate statement of facts with the clerk of the trial court, and that the original be sent with the transcript to this court. Following Hardgraves v. State, 61 Texas Crim. Rep., 422, and other cases; but inasmuch as the original was filed on rehearing, the case is heard upon its merits.

### 2.—Same—Witness Refreshing Memory.

Where, upon trial of theft, the witness was permitted to look at a certain list of property, which was not offered in evidence but was used to refresh his memory, there was no reversible error.    Following Gould v. State, 66 Texas Crim. Rep., 122.

### 3.—Same—Evidence—Value—Ownership.

Where, upon trial of theft the defendant objected to the testimony of prosecuting witness as to the value of a certain razor found in possession of defendant and part of the alleged stolen property, because the razor belonged to another party, but the bill of exceptions did not negative the fact that such razor was a part of the stolen property under the care, control and management of the alleged owner, there was no reversible error.

### 4.—Same—Evidence—Owner—Possession.

Where upon trial of theft there was no error in permitting the alleged owner to testify in regard to his control over the alleged stolen property.

### 5.—Same—Evidence—Value of Property.

As the evidence objected to with reference to the value of property could not have injured the defendant, there was no reversible error.

### 6.—Same—Requested Charges.

Upon trial of theft there was no error in refusing defendant's requested charges with reference to the ownership of the property, as they did not correctly announce the law.

### 7.—Same—Sufficiency of the Evidence.

Where upon trial of theft over the value of fifty dollars the evidence sustained the conviction under, a proper charge of the court, there was no reversible error.

Appeal from the District Court of Schleicher.    Tried below before the Honorable C. E. Dubois.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. E. Sedberry,* for appellant.—On question of refreshing witness's memory:    Rice v. Ward, 56 S. W. Rep., 750.

On question of value of property:    Cooper v. State, 23 Texas, 331.

On question of requested charges:    Clark v. State, 120 S. W. Rep., 131; Johnson v. State; 122 S. W. Rep., 877.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of refreshing memory: Gould v. State, 146 S. W. Rep., 176.

On question of ownership:    Whorton v. State, 151 S. W. Rep., 300; Davis v. State, 140 id., 349.

LATTIMORE, JUDGE.—Appellant was convicted of the theft of property of the value of more than $50, and his punishment fixed at two years confinement in the penitentiary.

We are met on the threshold of the consideration of this case, by a motion made by our Assistant Attorney General, to strike from the record what purports to be a statement of facts, which is copied in the transcript. Such practice in a felony case seems not to be in accordance with our statutes. See Art. 844c, which requires the filing of duplicate statement of facts with the clerk of the trial court, and that the original be sent here for our inspection, and the duplicate be kept on file by said clerk. It therefore appears that we must sustain said motion. Hardgraves v. State, 61 Texas Crim. Rep., 462, 135 S. W. R., 144; Slatter v. State, 61 Texas Crim. Rep., 243, 136 S. W. Rep., 770.

Appellant has a bill of exceptions to the action of the trial court in allowing the prosecuting witness to look at it, and refresh his recollection from, a list of property which he had made on a former occasion. . No error appears in such action. Gould v. State, 66 Texas Crim. Rep., 122, 146 S. W. R., 172; Luttrell v. State, 40 Texas Crim. Rep., 651; White v. State, 18 Texas Crim. App., 57. The list was not offered in evidence, nor its contents read.

Another bill of exceptions was taken to the action of the lower court in allowing the prosecuting witness to testify to the value of a certain razor found in the possession of appellant, and enumerated in the indictment as a part of the alleged stolen property, the ground of objection being that this witness had already testified that said razor belonged to another party who worked on the ranch. The bill does not negative the idea that such razor was a part of the stolen property, nor that it might have been in the care, control and management of said witness, who thus became the special owner thereof. The same may be said of the bill complaining of similar testimony as to the value of certain underwear found in appellant's possession. Nor do we think there is any legitimate ground of objection to the question and answer of said witness, in regard to his control over certain property, consisting of valves and brass boxes, which were claimed to be a part of said stolen property.

Appellant also has an objection to the testimony of what would be the value of new valves of the kind described by the witness Oglesby, and alleged to have been stolen. The evidence could not have injured the accused, as the testimony of the prosecuting witness Oglesby was as to the value of such valves in their condition when taken, and the only effect of such objectionable testimony would be to affect the degree of the offense, as being a misdemeanor or a felony, and under Oglesby's testimony as to values, the aggregate value of all the property taken was more. than fifty dollars.

The record contains three special charges requested by appellant and refused, but in the absence of a statement of facts we are unable

to perceive any error on the part of the trial court in refusing the same.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### June 16, 1920.

LATTIMORE, JUDGE.—Appellant files his motion for rehearing, accompanying the same with the original statement of facts, and asks that it be considered. The motion will be granted to the extent of considering said statement of facts.

We have examined the special charges of appellant in the light of the facts adduced. Special charge No. 2 sought to have the jury told that certain of the alleged stolen property belonged to persons other than the alleged owner, and that the case could not be made out without proof of the want of consent and knowledge of the real owners. We think this charge properly refused, for under the facts, as we understand them, these various articles of property were in the care, control and management of Mr. Oglesby, who was in charge of the ranch at the time, and in whose care said property had been left by the real owners. In such case, the allegation of ownership was properly laid in Mr. Oglessby, and the special charge did not correctly announce the law applicable.

Appellant's special charge No. 3, was correctly refused, because of the fact that the same was substantially equivalent to his special charge No. 1, which was given by the Court.

The matters complained of in appellant's bills of exceptions were noticed and passed upon in the original opinion, and we see nothing in the statement of facts to cause us to change our views upon any of them. We have examined the testimony of Mr. Oglesby and Mr. Hill, as contained in the statement of facts, and regret to find ourselves unable to agree with the contention made in appellant's motion that the testimony of Mr. Hill was of such prejudicial character as to require a reversal of the case. The testimony of Mr. Hill related only to the value of certain of the alleged stolen articles when new, and inasmuch as Mr. Oglesby testified as to their values at the time when taken, and the aggregate value fixed by him upon the property exceeds fifty dollars, we are unable to see how the testimony of Mr. Hill was so material as to call for a reversal.

The motion for rehearing will be otherwise overruled, and an affirmance ordered.

*Overruled.*