## JACK PRESTON v. THE STATE.

### No. 7423.    Decided May 30, 1923.

### Rehearing Denied June 1923.

**1.—Theft—Indictment—Joint Ownership.**

Where the property stolen was alleged to be owned by Tom Bunch, and the evidence showed that Bunch and Swearengen were partners in a mercantile establishment, and the property was taken from their safe, and the defendant was caught in the act by Bunch who was alone in the store, there was no variance as to ownership, as ownership may be alleged to be in all or either of the joint owners. Following Lockett v. State, 59 Texas Crim. Rep., 531, and other cases.

**2.—Same—Requested Charges—Practice on Appeal.**

Where it was not shown that the requested charges were presented to the trial judge in the time required by statute, nor that an exception was taken to their refusal, there was no reversible error, and, they cannot be considered on appeal. Following Barrios v. State, 204 S. W. Rep., 326, and other cases.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of a felony of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Estes, Payne, Morris & Pressly,* for appellant.—On question of ownership: Roberson v. State, 101 S. W. Rep. 800; Coleburn v. State, 133 id., 882; Spiller v. State, 135 id., 549; Arseneaux v. State, 140 id., 776.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft; punishment fixed at confinement in the penitentiary for a period of two years.

The property stolen was eighty-one dollars in money. Tom Bunch was named as the owner. Bunch and Swearengen were partners in a mercantile establishment. In their place of business was a safe from which the appellant took the money. He was caught in the act by Bunch, who was alone in the store. Swearengen was in the city but not in the store. At the time of the theft, the store and the property therein was under the care, control and management of Bunch. Such was his testimony. In the statute it is said:

"Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them." (Code of Crim. Proc., Art. 457.)

Upon these facts there was no variance growing out of the joint ownership. Lockett v. State, 59 Texas Crim. Rep. 531; Branch's Ann. Tex. P. C. Sec. 2434 and cases listed; also Palmer v. State, 92 Texas Crim. Rep., 640, 245 S. W. Rep. 239.

The record is without bills of exception. Some special charges were refused but it does not appear that they were presented to the trial judge in the time required by statute, nor that exception was taken to their refusal. Therefore they cannot be considered. Barrios v. State, 83 Texas Crim. Rep., 548, 204 S. W. Rep. 326; Nichols v. State, 91 Texas Crim. Rep., 277, 238 S. W. Rep. 232; Eliphas Linder, No. 6558, recently decided.

Finding no error, the judgment is affirmed.

[Rehearing denied, June 1923.—Reporter.]

*Affirmed.*