## VITRANO v. STATE. (No. 7264.)

(Court of Criminal Appeals of Texas. May 30, 1923. Rehearing Denied Oct. 10, 1923.)

**1. Homicide ⚷276 — Whether defendant, charged with assault with intent to murder, acted in self-defense held question for jury.**

In a prosecution for assault with intent to murder, in which the defendant claimed that the prosecuting witness was armed with a knife, and was about to attack him, and there was evidence by the state to the contrary, the question was one for the jury.

**2. Criminal law ⚷1038(3), 1056(1)—Refusal of requested charge not considered on appeal unless charge was presented before jury was charged and exception taken to refusal.**

Refusal of requested charges will not be considered on appeal unless the charges were presented to the court before it charged the jury and exception was taken to refusal thereof.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Jim Vitrano was convicted of assault with intent to murder, and he appeals. Affirmed. See, also, 250 S. W. 173.

Marsene Johnson, Elmo Johnson, Roy Johnson, and Marsene Johnson, Jr., all of Galveston, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The offense is assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of two years.

The evidence, without controversy, shows that the appellant, using a pistol, shot Fina Gaetano, the person named in the indictment.

[1] Appellant testified, justifying his act upon the ground that Gaetano was armed with a knife, and was about to use it against the appellant. The state's theory to the contrary was supported by several eyewitnesses. Whether this was true was for the jury to determine.

[2] We have discerned no fault in the charge of the court, and find no exceptions reserved to it at the time of the trial. Some special charges were requested and refused. To authorize their consideration, the law requires that they be presented to the trial judge before he gives his charge to the jury, and that, if refused, exception shall be taken thereto. The record does not show that either of these things was done. See Nichols v. State, 91 Tex. Cr. R. 277, 238 S. W. 232; Barrios v. State, 83 Tex. Cr. R. 548, 204 S. W. 326.

There is no bill of exception complaining of the ruling of the trial court in the admission or rejection of evidence. No error is found in the record. The evidence supports the verdict. The judgment is affirmed.