TIMOTHY BRESNAN ET AL. *v.* JAMES R. WEAVER

ET AL.

*Injury By Fire—Evidence—Household Goods—Testimony as to Value.*

The owner of articles of personal property in common use, destroyed by fire, may, although not an expert, testify as to their value.      p. 379

In an action to recover insurance on household articles, possible error in refusing to strike out plaintiff's evidence as to items of $2 and $13.75, respectively, was, by reason of the smallness of the items, not ground for reversal.      p. 379

In an action to recover fire insurance on household goods, an insurance adjuster, qualified as an expert, may properly testify as to the value of articles, said to have been destroyed, as described by the owner on the witness stand, the adjuster's testimony as regards such articles being in the nature of an answer to a hypothetical question.      pp. 379, 380

The determination of the qualification of an expert must be left largely to the judgment of the trial court.      p. 380

Evidence that defendant's steam shovel was operating on a windy day within twenty feet of plaintiff's cottage, that it had a tendency to emit sparks, that the fire caught on the eaves of the cottage, that plaintiff's chimney was in good order, and that the shovel had no wire mesh spark arrester until after the fire, *held* sufficient evidence that the fire was caught by sparks from the shovel, and that defendants were negligent, to go to the jury.      p. 381

That a member of the city fire department testified that the fire could have been caused by a defective flue or chimney did not impose on plaintiff the necessity of excluding this as a possible cause of the fire, when there was no evidence that there was a defective flue or chimney.

*Decided November 10th, 1926.*

Appeal from the Superior Court of Baltimore City (ULMAN, J.).

Action by James R. Weaver and Regina L. Weaver, his wife, in their own right, and for the use of the Central Fire Insurance Company of Baltimore, against Timothy Bresnan and others, trading as Timothy Bresnan & Sons. From a judgment for plaintiffs, defendants appeal. Affirmed.

Plaintiffs' prayer was as follows:

The plaintiff prays the Court to rule as a matter of law that if it shall find from the evidence that the plaintiff's residence and most of its contents were damaged by fire communicated from the defendant's steam shovel, and further find that the defendants did not exercise reasonable care and diligence to avoid as far as practicable injury to the property along the line of the highway upon which its steam shovel was operated by having its said steam shovel properly constructed and in good condition then its verdict must be for the plaintiff.

The defendants' granted prayers were as follows:

*Fourth Prayer*—The defendants pray the Court to instruct himself sitting as a jury that if he finds from the evidence that the fire may have originated from any other than the defendant's steam shovel, the defendants are not liable in this action and the verdict must be for the defendants and the defendants cannot be held liable in this action save by the preponderance of proof that it was caused by said shovel and upon proof of negligence on the part of the defendants.

*Fifth Prayer*—The defendants pray the Court to instruct himself sitting as a jury that to entitle the plaintiffs to recover in this case, they must prove by a preponderance of testimony two facts: First, That the steam shovel of the defendants emitted the sparks that set fire to the house of the plaintiffs; Second, That the defendants were guilty of negligence in the management of the steam shovel that emitted the sparks that set fire to the house of the plaintiffs. And if the testimony in this case should be such as to leave the mind of the Court sitting as a jury in a state of equipoise as to either of the facts, the verdict must be for the defendants.

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Walsh, JJ.

*William G. Towers* and *W. M. Kalling,* for the appellants.

*Joseph France,* with whom were *Robert F. Leach, Jr.,* and *Venable, Baetjer & Howard,* on the brief, for the appellees.

Adkins, J., delivered the opinion of the Court.

This suit was brought by appellees, James R. Weaver and Regina L. Weaver, his wife, owners of a cottage No. 3725 Morely Street, Baltimore, in their own right and for the use of the Central Fire Insurance Company of Baltimore City, against appellants, Timothy Bresnan, Daniel Bresnan and Timothy Bresnan, Jr., copartners, trading as Timothy Bresnan & Sons, owners of a steam shovel, to recover for the destruction by fire of said cottage and the furniture therein on February 27th, 1924.

The case was tried by the court without a jury, and resulted in a verdict for the plaintiffs. From the judgment on the verdict, this appeal was taken.

Eleven exceptions were reserved, ten to rulings on evidence and one to the ruling on the prayers. The first four exceptions relate to the testimony of Mrs. Weaver, one of

the plaintiffs, as to the value of articles of personal property destroyed by the fire. It appears that immediately after the fire the witness made an inventory for the insurance company, and she testified that at the time it was made she was familiar with the values of these articles, because she had experience in buying and as a housewife knew their value. She was asked the total value of the things destroyed, and the memorandum, in her own handwriting and containing an itemized statement, was offered in evidence. The court held that the memorandum was not evidence but could be used by the witness to refresh her recollection. She was about to give the value of each item when the court suggested that would take a lot of time and proposed a stipulation by counsel that the written memorandum should be introduced in evidence "with the same legal effect, and no more, than if the witness using the memorandum to refresh her recollection, testifying in chief with respect to the items contained in the memorandum and the valuation placed by her therein; and the defendants' counsel by permitting the introduction of the memorandum and by cross-examining the witness thereupon does not concede the legal sufficiency of the proof of any item of the memorandum nor of all the items thereof, and especially reserves the right at the conclusion of his testimony to move the court to strike from the record any or all of the items of the memorandum as to which it may appear that the witness was not qualified to testify." This proposition was accepted.

The first exception was to admitting the question: "What is the total valuation of all the articles?" To which the witness answered: "I value it—the amount that we lost during the fire at $2,500." This we understand was the valuation as shown by the memorandum. Defendants' attorney, in accordance with the stipulation, then cross-examined the witness as to the items.

In view of the stipulation we find no error in this ruling. The contention of appellants is that witness was not an expert and was not shown to be competent. It is not required that the owner of articles of personal property in common use

should be an expert. In such cases it is a question of the weight of the testimony. 1 *Wigmore, Evidence,* sec. 716, and cases cited in note; *Chamberlayne, Evidence,* vol. 3, sec. 2143; *Shea v. Hudson,* 165 Miss. 43; *Rademacher v. Greenwich Ins. Co.,* 75 Hun. (N. Y.) 83.

The second and third exceptions were to the refusal of the court to strike out after cross-examination testimony of the witness as to two items of curtains and medicine of $2.00 and $13.75 respectively, on the ground that the method of arriving at values was improper. The court thought it was a question of weight, and we are inclined to agree with this view. In any event the items are too small to justify a reversal.

At the conclusion of the cross-examination defendants' attorney moved to strike out all the testimony of the witness as to the items of loss and their value. The refusal to grant this motion constituted the fourth exception. We find no error in this ruling.

The fifth exception was to a question asked the witness Harry M. Beck, an insurance adjuster, as to advice given by him to Mrs. Weaver in connection with making for him a list of the articles she had lost; and the sixth exception was to the refusal of the court to strike out his answer to that question. As there was nothing in the answer which could possibly have injured defendants, there was no prejudicial error in these rulings.

The seventh exception was to the overruling of an objection to the following question propounded to Beck, the insurance adjuster: "You have said that you heard Mrs. Weaver testifying yesterday in regard to the cost of the articles she had listed, and the character of each of the articles, and also as to the amount that she put down on the list she furnished you. In your opinion as an adjuster, will you tell us whether or not you think the value placed by Mrs. Weaver on—as she testified yesterday, are fair values of such property?" And the eighth exception was to refusal of the court to strike out the answer to that question. The answer was: "I wish to state to the court that I am—to the best of my ability her value on the out of sight articles were fair and reasonable, but I never

saw the articles and I couldn't absolutely say whether she even had them, except I took her word for the fact that everything on the second floor was destroyed, but on the articles on the first floor, I thought her measure of damages was very reasonable."

The witness was evidently testifying as an expert as to the value of the out of sight articles from the description of them given by Mrs. Weaver on the stand. As to these articles his testimony was in the nature of an answer to a hypothetical question. As to the articles which were only damaged he actually saw them and was giving his opinion of their value based on his own examination. The witness had previously testified that he had been a fire insurance adjuster for about twenty-one years "making all kinds of real and personal property adjustments including household and personal articles and furniture, clothing and other items covered by fire insurance." The objection urged by appellants is that the witness was not qualified to testify as an expert. We do not think this objection was well taken. At any rate the determination of the qualification of an expert must be left largely to the judgment of the trial court. *Baltimore v. Brick Co.,* 80 Md. 458. The witness possibly might have made it plainer that his answer, so far as the out of sight articles were concerned, was based on the assumption that the description of them given by Mrs. Weaver was accurate and true. But as it must have been apparent to the learned judge, who was sitting as both court and jury, that the witness could not have meant anything else, we do not find prejudicial error in the ruling on either of these exceptions.

The ninth and tenth exceptions were to permitting James R. Weaver to testify as to the value of certain articles of clothing belonging to him which were destroyed. We think he was a competent witness, for reasons given in discussing the first exception.

At the close of all the testimony the defendant offered three demurrer prayers, all of which were refused. Defendants' fourth and fifth prayers and the one prayer offered by

plaintiffs were granted.   The reporter is requested to set out all of the granted prayers.

The burden of the argument of appellants for reversal is based on the alleged error in the refusal of their request for a directed verdict.   They contend with much force that there was no evidence: (1) that the fire was caused by sparks from their steam shovel, or (2) of any negligence on the part of the defendants.

The fire occurred at about half past two o'clock in the afternoon of a windy day.   The wind was blowing from the north at thirteen miles an hour.   The steam shovel was operating within ten or twenty feet of the cottage on the north or northeast side.   Within an hour or two before the fire, one witness saw sparks coming from the stack of the shovel. Several witnesses testified they had on other occasions seen sparks coming from the stack.   These sparks would ascend from ten to twenty feet or higher if blown by the wind.   On one occasion a plant was burned by these sparks.   The eaves of the cottage were from twenty to twenty-five feet higher than the tops of the stack. . Several witnesses testify that when they first saw the fire it was running along the eaves of the house and at that time there was no fire higher up near the chimney.   There was testimony that the chimney was in good order and clear when heating apparatus was installed or looked over in November preceding the fire, and that when examined after the fire there was nothing to indicate any opening in the bricks of the chimney to which the fire might have been due; that it was not a very cold day and the fire in the stove had not been disturbed since it was fixed for the day in the early morning; that at the time of the fire the shovel had a baffle plate but no wire mesh spark arrester; that later a spark arrester was put in; that after the spark arrester was installed sparks were not emitted from the stack. On the authority of *Annapolis & Elkridge R. R. Co. v. Gantt,* 39 Md. at 135, and *American Paving & Contracting Co. v. Davis,* 127 Md. 477, these were facts from which the jury could find both that the fire was caused by sparks from de-

fendants' steam shovel, and that it was due to the negligence of defendants.

It is true there was evidence of conditions existing at the time of the fire of the effect of which the court might take judicial notice. But these conditions were not such as to have enabled the court to say, as a matter of law, that, granting their existence, the fire could not have occurred in the manner charged by plaintiffs.

Defendants invoke the rule that "when the plaintiff himself shows that the injury complained of must have resulted either from the negligence of the defendant or from an independent cause for the existence of which the defendant is in no way responsible, he cannot be permitted to recover until he excludes the independent cause as the efficient and proximate cause of the injury." *Strasburger v. Vogel,* 103 Md. 91; *County Commissioners v. Wise,* 75 Md. 38. And he relies upon the testimony of Captain John L. Smith of the Baltimore City fire department, a witness for the plaintiff, who replied to the question whether the fire could have been caused by a defective flue or defective chimney, "I don't know, yes, it could have been caused by various causes."

But this testimony does not bring the case within the rule invoked, because neither Captain Smith nor any other witness for the plaintiff testified that there was a defective flue or defective chimney. There was no error in the refusal of these prayers.

Nor do we find any prejudicial error in the granting of plaintiffs' prayer. The prayer would have been in better form if the words "and that the fire resulted from such neglect" had been added after the word "condition" in next to the last line. But there could be no doubt as to the meaning of the prayer, especially in view of defendants' fifth prayer, which was granted. Indeed no point was made of the form of the prayer. The objection urged was that defendants' special exception should have been sustained.

*Judgment affirmed, with costs to appellees.*