WILLIAM T. RITCHIE V. STATE

No. 33,210. April 5, 1961

WOODLEY, Presiding Judge, absent.

*Sam W. Callan*, Eagle Pass, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

McDONALD, Judge

Cattle theft is the offense; the punishment, three and a half years' confinement in the penitentiary.

Appellant was charged under a joint indictment returned in Maverick County, but upon the court's own motion the venue was changed to Kinney County, where appellant was tried, alone, under a severance.

The state's evidence reflects the following:

The witness Pullin, who worked for Trayler and Lorenze on that part of the J. K. Burr ranch known as the Lorenze-Burr ranch, was traveling toward Eagle Pass on the Spofford-Eagle Pass highway when he saw a dead steer lying in a pasture of another portion of the Burr ranch operated by Trayler & Company. Rankin O'Neill was the foreman and manager and in the actual physical control and possession of the livestock thereon. Pullin reported the incident to O'Neill, who checked the animal to see whether it had died of natural causes or otherwise and found that the steer had been shot. Lying near-by were the paunches of two more steers. At this site there was evidence that the animals had been dragged to a fence along the highway and loaded into a vehicle, the tracks of which were on the roadway.

Bullet hulls were also found. O'Neill called the sheriff and Allee, inspector for the Cattle Raisers Association.

Allee testified that his duties included the making of investigations of cattle theft cases and assisting in the apprehension and prosecution of the thief by making evidence available in court. In addition to other matters reported in the case, his investigation at the scene revealed blood stains, and animal hair in the fence. Samples were made of these, and plaster casts made of the tire tracks, all of which were introduced into evidence. The tire tracks were found to match those of the station wagon owned by appellant. During the investigation, the rifle with which the animals had been killed was found.

Upon questioning by Allee and a deputy sheriff, appellant first denied any knowledge of the matter but later admitted killing the two steers with the rifle. He stated that he had taken the dead aminals to town and after cutting up the meat had given most of it away.

Appellant's voluntary statement was introduced into the evidence. The statement showed that he had been drinking on the day of the alleged theft; that while driving on the highway he shot what he thought were two deer but discovered later that they were steers; that with the help of Arturo Rosales, who was jointly indicted with him, he gutted the steers and dragged one of them to his station wagon and loaded it and took it to the Hopedale farm, after which Rosales and another companion went back for the other steer. The statement further showed that they cut up the animals and that he (appellant) kept about fifty pounds for himself, giving the rest to "poor people who needed [it]". The statement contained an admission that the rifle in custody of the sheriff was the one with which he killed the steers.

Appellant's testimony largely corroborated his voluntary confession, and he adduced no defensive testimony.

We find the evidence abundantly sufficient to support the jury's verdict.

Appellant filed no formal bills of exception. He complains of the action of the trial court in overruling his motion for an instructed verdict, it being his contention that the state proved special ownership in the cattle alleged to have been stolen and special ownership not being alleged in the indictment. He further complains that the person alleged as the owner of the cattle alleged to have been stolen was not the real owner.

We find no merit in these contentions.

Art. 402, V.A.C.C.P., provides as follows:

"Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged in either * * *."

See: Johnson v. State, 165 Tex. Cr. R. 468, 308 S.W. 2d 869, and Narango v. State, 87 Tex. Cr. R. 493, 222 S.W. 564.

We have carefully considered various other contentions raised by the appellant and find no merit therein.

The judgment is affirmed.