Commodore Foster BEBOUT, Appellant,

v.

The STATE of Texas, Appellee.

No. 40521.

Court of Criminal Appeals of Texas.

July 19, 1967.

Rehearing Denied Oct. 11, 1967.

O. E. Halsell, Odessa, for appellant.

Jake Tidwell, Dist. Atty., Bill McCoy, Asst. Dist. Atty., Odessa, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is felony theft; the punishment, enhanced by two prior convictions for a felony less than capital, life.

The indictment alleged the theft of one Colt revolver of the value of more than $50.00, alleged to be the corporeal personal property of Henry Boulton and taken from his possession.

The ground of error set forth in appellant's brief is: "that the trial court committed reversible error in refusing to permit appellant's attorney to argue the issue of who had possession of the pistol."

The evidence was that the pistol was owned by Phil Parker, son of Mr. and Mrs. Ray Parker, and that two such pistols each of the value of more than $50.00 were taken from the room referred to as Phil's room in the residence of his parents, in Odessa, by appellant and were found in appellant's automobile.

The undisputed evidence shows that Phil's parents had given him the Colt revolvers as a Christmas present and were keeping them for him because he had not chosen to take them with him to his apartment in Fort Worth, where he was living with his wife and going to school.

Mr. and Mrs. Ray Parker were out of town when the pistols were taken.

Mrs. Parker testified that she left Henry Boulton (spelled Bolton in the statement of facts), a painting contractor, "in charge of the house and everything that was in it," when she left town and "the pistols were in the house," and that she gave him the keys. She further testified that her maid was also in control of her house and had keys; that they both had control.

Appellant's sole claim for reversal is that the record does not establish as a matter of law that possession of the pistol was in Henry Boulton at the time it was taken and, therefore, possession was a fact issue and counsel should have been permitted to argue such issue to the jury.

Appellant correctly points out that at the time the pistols were taken and recovered Boulton had gone to the paint store and only appellant and Mrs. Parker's two maids were in the house, and one of the maids testified on cross-examination that when Mr. Boulton left, she was in control.

The maid further testified:

"Q. You said that when Mr. Boulton was out there working all this crew and the Parkers were out of town when something fouled up or went wrong or something Mr. Boulton was the man you reported to and told about it?

A. Yes, sir, when the Parkers were out of town, yes."

\* \* \* \* \* \*

"Q. Who was in charge of the home when you were there and Mr. Boulton was there?

A. I was there working so I guess both of us.

Q. Well, in other words if the Parkers were not there and you and Mr. Boulton is there you say both of you are in charge of the home?

A. If anything happened and Mrs. Parker wasn't in I would tell him."

■ The trial judge properly ruled that the allegation as to ownership and possession in Henry Boulton was sufficient under Art. 21.08 Vernon's Ann.C.C.P. and there was no issue of fact in regard to possession which should be argued before the jury.

Art. 21.08 V.A.C.C.P. provides in part:

"Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them. * * *"

Ritchie v. State, 171 Tex.Cr.R. 51, 344 S.W. 2d 878; Salinas v. State, Tex.Cr.App., 365 S.W.2d 362; Lockett v. State, 59 Tex.Cr. R. 531, 129 S.W. 627, 628.

 The provisions of Art. 21.08, supra, as to ownership apply alike to special owners as well as general owners. Branch's Ann.P.C., Sec. 2621.

The judgment is affirmed.