## SHIPLEY *v.* STATE

[No. 9, September Term, 1959.]

464

*Decided October 16, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Leonard A. Orman,* for appellant.

*James O'C. Gentry, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *James W. Murphy, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellant, Walter Mose Shipley, was convicted, with John Miller, Jr., of breaking and entering a storehouse with an intent to steal goods to a value of $100 or more and was sentenced to serve not more than two years in the Maryland State Reformatory for Males. The appellant appeals from this conviction, contending that the State failed to prove that the goods stolen from the warehouse were of a value of $100 or more, and that the evidence was insufficient to warrant his conviction as a participant in the crime.

On December 5, 1958, sometime before 11:15 P.M., a dry cleaning establishment on North Avenue in Baltimore was broken into and 69 articles of clothing were removed therefrom. Through the records of the business the owner, Mr. Anthony Mannone, compiled a list of the missing articles of clothing and this list was turned over to the police. Two officers found Shipley and Miller at about 3:30 A.M., December 6, 1958, sleeping in a car and they found in the car a bundle of clothes which was later offered in evidence and identified by Mr. Mannone as part of the goods stolen from his store. Another bundle of clothes was recovered at Miller's home and this, along with a coat which an officer said Miller was wearing, was also identified by Mr. Mannone as coming from his store. On the basis of this evidence Shipley and Miller were arrested.

The indictment was in four counts, the first of which charged breaking and entering with felonious intent. The appellant was convicted on this count.

The State produced Mr. Mannone as a witness. He read a complete list of the articles stolen from his dry cleaning

plant and he identified, as having been taken from his plant, the articles found in Shipley's car, and in Miller's house, and the coat worn by Miller. Mr. Mannone was asked by the State to value the goods stolen. He admitted that he was not a professional appraiser but insisted that he definitely thought the clothes were worth more than $100, and estimated their worth to be around $300. Counsel for the appellant objected to the admission of this testimony because Mannone was not in the retail clothes business and did not have any other qualifications to make him an expert on the value of clothes, and error is alleged as to the use of his testimony to establish the value of the stolen articles.

It is necessary for the State, in order to establish felonious intent in this case, to show that the defendant had an intent to steal goods worth $100 or more. *Thompson v. State,* 184 Md. 555, 42 A. 2d 113; *Felkner v. State,* 218 Md. 300, 146 A. 2d 424. In the instant case the State attempted to do this by two methods. First, it offered in evidence such of the stolen articles as had been recovered. Secondly, the State asked the person from whose possession the goods were stolen to list all of the stolen articles and to estimate their value. The appellant argues that because Mr. Mannone was not an expert on the value of used clothing his testimony was incompetent, and that because it was the only testimony to establish the value of the stolen goods that the value thereof was not proved and hence that the conviction cannot stand. This argument we find not to be sustainable.

There is some authority for the view that a "special owner" of goods (as he is sometimes called), such as a bailee in Mr. Mannone's position, can testify as to the value of goods stolen while in his custody, without being qualified as an expert on the value of the property in question. 2 Wharton, *Criminal Evidence,* § 550 (12th Ed., 1955); *Narango v. State,* 87 Tex. Crim. 493, 222 S. W. 564. This rule is apparently an extension of the rule under which an owner may testify to the value of his property, without his having to be qualified as an expert. See *Bresnan v. Weaver,* 151 Md. 375, 135 A. 584. Such an extension of the rule has not been passed upon by this Court and we need not reach the question here.

Likewise, we do not find it necessary to decide whether or not Mr. Mannone's testimony was admissible as a proper exercise of the discretion of the trial judge because of Mr. Mannone's familiarity with the values of used clothing, which (despite his denials of expert knowledge) he probably possessed because of the business in which he was engaged. (His testimony suggests some knowledge of values based upon claims for possibly lost or damaged articles of clothing.) Cf. *Pennsylvania Threshermen and Farmers' Mutual Casualty Ins. Co. v. Messenger,* 181 Md. 295, 302, 29 A. 2d 653.

Even if Mr. Mannone's testimony was not admissible on either or both of the grounds above suggested (questions which we do not decide), we think that its admission would constitute, at most, harmless error. In such a case as this, where a portion of the stolen goods was before the trier of facts, together with a detailed list of the other clothing stolen, and the goods stolen were ordinary articles of clothing, the court or jury weighing the evidence could value the goods without the aid of expert testimony. 20 Am. Jur., *Evidence* § 894 (1939); *State v. Peach,* 70 Vt. 283, 40 A. 732; 3 Underhill, *Criminal Evidence* § 720 (5th Ed., 1957). Cf. 32 C.J.S., *Evidence* § 545 at 280 (1942). We think the lower court could reasonably infer from the clothing before it and from the description of the other articles stolen, and from the fact that the average value of each article need be only $1.45 for the total to exceed $100, that goods of a value in excess of $100 actually were stolen.

Even that fact, however, did not have to be proved in this case, for evidence as to value was important only to establish the intent to steal enough to make the intended larceny a felony. Thus, although the value of goods actually stolen may be the most persuasive evidence of the value of the goods which the thief intended to steal, that is not the only means of establishing a felonious intent. Such an intent may also be inferred from the circumstances. *Felkner v. State, supra; Holtman v. State,* 219 Md. 512, 150 A. 2d 223. Applying this rule to the facts before us, it was clearly permissible for the trial court to infer from the actual taking of 69 articles of clothing that the burglars took all the clothes they could carry

away in their car, and that the value thereof was expected and intended to be in excess of $100. The case is in this respect very similar to the *Holtman* case where the thieves intended to steal and did steal the entire contents of the cash register, though they were doubtless disappointed by the small amount of cash which they found.

Appellant also contends that because there was no testimony of an eyewitness placing him at the scene of the robbery and because two witnesses testified that he was with them elsewhere during the evening of December 5th, an alibi was established that either had to be contradicted by the State or accepted by the court. To accept this argument would be to negate completely the responsibility of the jury or of the court sitting without a jury in weighing the testimony of the witnesses. In this case it was for the trial court, after hearing the witnesses, to decide how much credence should be given them, and what inferences should be drawn from evidence connecting the appellant with the theft and what weight should be accorded thereto. The trial court's decision on the facts could be overturned by this Court only if clearly erroneous. Maryland Rule 741 c; *Jenkins v. State,* 215 Md. 70, 137 A. 2d 115; *Kier v. State,* 216 Md. 513, 140 A. 2d 896. The trial judge was not bound to accept as true the testimony offered to establish an alibi for the defendant. *Pennsylvania R. Co. v. Stallings,* 165 Md. 615, 170 A. 163; *Berry v. State,* 202 Md. 62, 67, 95 A. 2d 319, 321; *Kier v. State, supra,* 216 Md. at page 519, 140 A. 2d at page 898. All of the evidence is to be considered together, and the question of a reasonable doubt as to guilt is not to be determined from the alibi evidence alone. *Floyd v. State,* 205 Md. 573, 581, 109 A. 2d 729, 732; *Basoff v. State,* 208 Md. 643, 655-656, 119 A. 2d 917, 923.

We find no error in the inference and conclusion which the trial court drew from other evidence indicating that the appellant was an actual participant in the crime.

For the above reasons the judgment is affirmed.

*Judgment affirmed.*