### RAYMOND DAVIDSON v. THE STATE.

No. 5431. Decided November 19, 1919.

**1.—Burglary—Indictment—Occupancy.**

In prosecutions for burglary an allegation of occupancy alone is sufficient. Following: Pyland v. State, 33 Texas Crim. Rep., 382.

**2.—Same—Continuance—Want of Diligence.**

Where, upon trial of burglary, the application for continuance showed a want of diligence to secure the attendance of the absent witness, the same was correctly overruled.

**3.—Same—Jury and Jury Law—Jury Commissioners—Statutes Construed.**

Under the provisions of chapter 4, title 8, C. C. P., providing for the formation of juries in cases less than capital, where from any cause the number of jurors in the box or panel is reduced below the number required, there was no error that the court authorized the summons of talesman, and the contention that defendant was forced to trial before a jury not selected by the jury commissioners is untenable, there being no objectionable jurors forced upon defendant.

**4.—Same—Occupancy of House—Alleged Owner—Rule Stated—Verdict.**

It is not necessary in order to constitute occupancy within the meaning of the burglary statute, that there be the actual corporeal presence of the alleged occupant in the alleged house at the time, and the alleged occupancy was met by proof that said alleged owner of the house closed it up and went to California, but prior to leaving directed his brother to keep the doors closed and look after his property in the house; besides, a general verdict was authorized under the pleadings. Following: Moore v. State, 48 Texas Crim. Rep., 400, and other cases.

**5.—Same—Charge of Court—Practice on Appeal—Bill of Exceptions.**

This court will not search the entire record to ascertain if a bill of exceptions to the charge of the court is well founded, but will look to the bill itself, and where this is insufficient, there was no reversible error.

**6.—Same—Evidence—Identity of Property.**

Where, upon trial of burglary, there was nothing in the evidence to suggest more than one burglary or tending to raise the question of the connection of any one therewith save the defendant and those indicted with him, there was no reversible error in permitting the owner to show where he found his property which was in the house and taken therefrom.

**7.—Same—Requested Charge—Closed Door—House and Room.**

Upon trial of burglary, the requested charge asked, with reference to whether the doors were open or not, was properly refused, for the same mentioned only the doors of the house, omitting entirely the submission of the question as to whether the doors of the room in which the property was were open; as burglary may be committed by entering a room which is closed, as well as by entering a house.

Appeal from the District Court of Erath.  Tried below before Hon. J. B. Keith, judge.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. A. Johnson,* for appellant.—On question of occupancy and possession: Hall v. State, 3 S. W. Rep., 338; White v. State, 25 id., 290; Williams v. State, 57 id., 93.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted of burglary in the District Court of Erath County, and his punishment fixed at two years confinement in the penitentiary.

The indictment contains two counts, one alleging occupancy of the house in W. L. Hunt, and the other in C. A. Hunt.

It was held in Pyland v. State, 33 Tex. Crim. Rep., 382, that an allegation of occupancy alone is sufficient.

Appellant made a motion for continuance, because of the absence of the witnesses Fincher and Lewallen, which was overruled. Fincher appeared and testified, and the diligence used to obtain the testimony of Lewallen was not sufficient. The indictment was filed January 4, 1919, and soon afterwards subpœnas were issued for a number of witnesses, but the subpœna for the witness Lewallen was not procured until February 8, and was returned, not served, said witness not being found within the county.

The case against appellant was called for trial February 15. No reason or excuse is shown for failure to sooner secure the issuance of said subpœna.

Appellant's bill of exceptions No. 2 shows that he made a special motion for continuance, on the ground that there was not a regular jury present to try his case, setting up in said motion that all of the other jurors on the panel disqualified, save and except five; that to compel him to go to trial with only that number of qualified jurors present, would deprive him of a trial by a jury selected by the jury commissioners. This motion was properly overruled. The provision of Chapter 4, Title 8, of our C. C. P., providing for the formation of juries in cases less than capital, specifically takes care of any case where, from any cause, the number of jurors in the box or panel is reduced below the number required. If, after the law was followed by the court, in sending the sheriff for jurors, objectionable jurors were attempted to be forced upon appellant, he had his proper remedy by objections setting forth proper grounds for disqualification.

Claiming that the evidence did not support the allegation of occupancy of the alleged burglarized house on the part of either W. L. Hunt or C. A. Hunt, appellant asked an instructed verdict of not guilty. The evidence shows that W. L. Hunt owned said house, and on September 12, 1918, he closed it up and went to California; and that prior to leaving, he requested C. A. Hunt, his brother, who lived some miles away, to look after his things and keep the doors closed if they happened to be open. W. L. Hunt left his household goods stored in one room of his house. He also left his stock in the pasture, feed in the crib, etc.

We do not deem it necessary, in order to constitute occupancy, within the meaning of the burglary statute, that there be the actual corporeal presence of the alleged occupant in the house at the time. In Moore v. State, 48 Tex. Crim. Rep., 400, this court held the term "occupancy" as equivalent to *possession*. In Tidwell v. State, 45 S. W. R., 1015, we held *"occupancy"* tantamount to *ownership*. One may occupy premises miles away from his sleeping, eating, or staying quarters, by keeping his goods there, or by other means not necessary here to enumerate. We think the allegation of occupancy was met by the evidence, and that the requested instruction was properly refused. In this connection we further observe that there was a general verdict of guilty, without special reference to either count of the indictment, and in such case we would apply this to either of the two counts. We have carefully noted the authorities cited, but do not think they hold different to this opinion. The complaint is not well founded, that the court erroneously instructed the jury that where the owner of property leaves the State and leaves the property in the care and custody of another, such other person is the special owner thereof. There was no question that the property was in the possession either of W. L. Hunt, the real owner, who was in California, or his brother, C. A. Hunt, who lived near the property, and

was requested to look after the same during the absence of W. L. Hunt. The charge covered ownership and possession in both W. L. Hunt and C. A. Hunt. We think it well settled that when one leaves the State, and asks another to look after his property, or take care of it while he is away, this would support an allegation of ownership and possession in this special owner. Bonner v. State, 59 Texas Crim. Rep., 350, 128 S. W. R., 1102; Webb v. State, 44 S. W. R., 498.

Appellant's sixth bill of exceptions is to a certain portion of the court's charge, which is therein quoted. No grounds of exception are stated in said bill, and no facts are therein stated or referred to, from which this Court may derive information as to whether or not said exception was well taken. This Court will not search the entire record to ascertain if a bill is well founded, but will look to the bill itself. The insufficiency of this bill prevents our consideration of the same. What we have just said will apply also to appellant's seventh bill of exceptions.

Appellant's tenth bill of exceptions complains of the action of the trial court in allowing Will Snyder to testify that along before Christmas he met appellant and Walter Carnael, hauling a car with a team of mules, and that the second house from where he met them was vacant; and that some time after meeting them he saw two mattresses in said vacant house—one blue, and one striped—and that Charlie Hunt got permission from him to get said mattresses. It was shown by the witnesses that the mattresses were part of the stolen property which was gotten back from severa' places. The last witnesses in said burglarized house before the date of the alleged burglary, said that they saw the said mattresses in the house at that time, it being five days prior to the date of the burglary charged against appellant.

There. being nothing in the evidence to suggest more than one burglary, or tending to raise the question of the connection of any one therewith, save appellant and those indicted with him, we see no error in permitting the owner to show where he found his property which was in the house, and taken therefrom. It certainly can work no injury to appellant, and does not tend to show separate and distinct crimes and transactions, such as is discussed in the authorities cited by appellant in support of this exception. This also applies to the evidence of Ed. Lockhart and H. F. Jones, as shown by other bills of exception. We think the evidence sufficient to show appellant's connection with the alleged stolen property, and that the room in which the property was located was closed when the property was taken. Appellant put a number of witnesses on the stand to testify that prior to the date of the alleged burglary, they had seen the doors of the house open, but these witnesses confined themselves mostly to the outside doors. The

last witnesses who were at the burglarized house before the property was taken, stated that when they left it on December 5th, the doors of the room in which the property of the owner was stored, were closed and bolted. The court specially submitted this issue to the jury. The special charge asked, with reference to whether the doors were open or not, was properly refused, for the same mentioned only the *doors of the house,* omitting entirely the submission of the question as to whether the *doors of the room in which the property was,* were open. Burglary may be committed by entering a room which is closed, as well as by entering a house.

Believing that there are no reversible errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*