ALBERT MILTON LAMB V. STATE

No. 32,197. October 5, 1960

*McCarty, Carnahan & Haynes, George S. McCarty* of Counsel, Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The offense is burglary; the punishment, 2 years.

The state's testimony shows that, on the date alleged, the appellant and two companions went to the Paducah High School for the purpose of burglarizing the building. When they arrived, appellant and one of his companions entered the building by breaking the lock on the door while the other companion remained in the automobile. After entering, appellant and his companion took eight typewriters, which were owned by the school district, from the building, and then returned to the automobile in which the three fled.

The indictment charged that the house burglarized was occupied and controlled by one John Chenault who the proof showed was president of the School Board of the Paducah Independent School District on the date of the burglary.

Appellant's sole contention on appeal is that the evidence is insufficient to support the conviction because the state failed to prove that the school building was under the control of Chenault, as alleged. Appellant insists that the state's proof shows that the school bulidng and property was under the control of Alton Pharr, as superintendent of the Independant School District, thus creating a fatal variance between the allegation and the proof as to the person alleged to have been in control of the premises burglarized.

With such contention we are unable to agree.

Chenault, in whom ownership of the premises was laid, testified that the building which was burglarized was under control of the school board.

As a member of the school board, Chenault was one of the special owners of the burglarized premises. Ricks v. State, 41 Tex. Crim. R. 676, 56 S.W. 928. Where property is owned in common or jointly by two or more persons, either as general or special owners, ownership may be alleged to be in all or

either of them. Art. 402, V.A.C.C.P.; 4 Branch's Ann. P.C. 2d Ed. sec. 2514, p. 834; Stoddard v. State, 120 Tex. Crim. R. 52, 49 S.W. 2d 748.

Pharr's connection with the property was in his capacity as school superintendent and he could have only been another special owner of the property. The fact that he testified he did not give appellant permission to enter the building did not constitute a fatal variance between the allegation and proof as to the ownership and control of the premises burglarized.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.