Belton GEORGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 42747.

Court of Criminal Appeals of Texas.

April 22, 1970.

Rehearing Denied June 24, 1970.

Gordon Wellborn, Rex Houston, Henderson, for appellant.

Robert M. Allen, Dist. Atty., Henderson, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

Upon a plea of guilty before the court after having waived a jury, the appellant was found guilty of the offense of burglary and his punishment was assessed at two years.

The sole ground of error is that there is a fatal variance between the indictment and the proof in that the indictment alleges that the house occupied and controlled by Odis O'Quinn was forcibly entered without his consent and corporeal personal property therein was taken from his possession and without his consent and appropriated by appellant, whereas, there is no proof that he had the care, control and management of the house and the property therein.

Odis O'Quinn, church clerk for the Lone Star Baptist Church near Henderson, Texas, testified that he was a member of the church, that because he lived nearby he was custodian of the church, that he kept the church locked and the doors and windows fastened, and that the last time he saw the church before the burglary it was locked.

O'Quinn further testified that although he was not appointed custodian of the church all the members looked to him to see that the church was locked and fastened, that he was usually the first one to arrive and the last one to leave, and that he did not give the appellant or anyone else permission to enter the church and carry the "merchandise" away.

Allen Long, a member of the Board of Deacons, testified that although O'Quinn was not appointed custodian the Deacons looked to him to oversee and take care of the church.

The state introduced in evidence the written statement made and signed by the appellant to Officer Harrington after being warned by a justice of the peace and Robert Allen, county attorney. The statement with the formal parts omitted reads as follows:

" 'My name is Belton George. I am 21 years old. My address is Route 2, Box 70, Henderson, Texas. Sometime in the afternoon of December 16, 1968, about 2:00 in the afternoon myself and Jimmy Don Blanton were riding around in his car. We went over to the Lone Star Church, which is located near Six Mile Hill, south of Henderson. Blanton went to the door, it was not locked, he opened the door and we both went in. There was two new heaters sitting there in boxes. We took one of the heaters out of the box and took it to Blanton's car and put it in the trunk. We threw the box out somewhere on the Old Minden Road. No one gave us permission to go into the church and take the heater.' Signed 'Belton George', witnessed 'T. E. Harrington.' "

Arts. 1414 and 1415, Vernon's Ann.P.C., respectively provide:

"To constitute theft it is not necessary that the possession and ownership of the property be in the same person at the time of taking.

"Possession of the person so unlawfully deprived of property is constituted by the exercise of actual control, care and management of the property, whether the same be lawful or not."
See also: 5 Branch 2d 72, Section 2627.

The evidence sufficiently established that O'Quinn had the actual control, care, and management of the church house and its contents and fixtures and that O'Quinn nor any other member of the church did not give the appellant permission to enter the church and remove the heater. There being no variance between the allegations in the indictment and the proof, the appellant's ground of error is overruled.

The judgment is affirmed.