Raymond Garcia **LOPEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43483.

Court of Criminal Appeals of Texas.

March 3, 1971.

Rehearing Denied April 14, 1971.

Wiley, Plumb & Plunkett by Lewin Plunkett, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Conaway, Wayland Simmons and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., being assessed at 12 years.

At the outset the appellant contends there is a fatal variance between the allegata and the probata in that the indictment alleged the ownership of the "house" in question to be that of Roland Mueller when the evidence showed C. F. Powell to be manager of the corporation occupying

the building or "house" in question at the time of the alleged offense.

The witness Mueller testified he was the President of the M and M T.V. Service, Inc., which leased the building burglarized, and that on the date of the burglary he had the care, custody and control of such building. Powell related he was the Secretary-Treasurer of the corporation and manager thereof and that he had locked and secured the building on the date of the burglary. Subsequently, Mueller was re-called and admitted he and Powell owned stock in the corporation and both had care, custody and control of the building involved. It is this last testimony upon which appellant bases his claim.

In 4 Branch's Ann.P.C., 2d ed., Sec. 2514, p. 834, it is written:

"In the law of burglary and theft the person in actual care, control and management of the property at the time of the alleged burglary or alleged theft is the owner thereof, and ownership may be alleged in the person in such actual care, control and management, and it is not necessary to allege whether the title is in a corporation, partnership, or firm.

\* \* \* \* \* \*

"Where property is owned in common or jointly by two or more persons, either as general or special owners, ownership may be alleged to be in all or either of them."

We find no merit in appellant's contention. Lamb v. State, 170 Tex.Cr.R. 23, 338 S.W.2d 738; Morgan v. State, Tex.Cr. App., 399 S.W.2d 363.

■ Next, complaint is made that during jury argument at the guilt stage of the trial the assistant district attorney made reference to sending the appellant "back to the penitentiary." No request was made for the court reporter to record the jury arguments and the same is not in the record before us. No formal bill of exception was utilized. See Article 40.09, Sec. 6, Vernon's Ann.C.C.P. After the jury had retired to deliberate at the initial stage of the trial appellant's counsel dictated into the record his version of what had occurred during argument; the prosecutor responded with his version and the court "qualified" the remarks. It appears that after the prosecutor in argument stated in substance it would give him no pleasure to send the appellant "back to the penitentairy" an objection was made. The objection was sustained, and the court on its own motion instructed the jury to disregard the argument and not to consider the same for any purpose in their deliberatons. The motion for mistrial was denied. Even if it can be considered that the matter is properly before us, we perceive no reversible error under the circumstances. Further, while Article 36.01, V.A.C.C.P., prohibits the reading of that portion of the indictment alleging a prior conviction for enhancement only to the jury until the penalty stage of the trial, we note that prior to trial the appellant requested the jury to assess punishment. See Article 37.07, V.A.C.C.P., 1967. The voir dire examination of the jury panel is not in the record before us. We thus have no way of determining whether during such voir dire examination of the jury panel they were advised of the enhancement portion of the indictment and the effect of the provisions of Article 62, V.A.P.C. There is one and only one voir dire examination of the jury panel in our bifurcated trial system. If the jury has been selected prior to trial to assess punishment, as in the case at bar, the only time prospective jurors may be informed and questioned about the laws applicable to the penalty stage of the trial is at this time. Still further, since there is no record of the jury argument before us we have no way of knowing whether such argument had previously been without objection or was invited by argument of appellant's counsel.

■ In three grounds of error appellant urges the trial court erred at the penalty stage of the trial in refusing to permit his

counsel to inform the jury as to the "automatic" effect of Article 62, V.A.P.C., in refusing his special requested charge and in refusing to permit the jury to actually assess the punishment. He relies upon his construction of the 1967 version of Article 37.07, V.A.C.C.P.

Prior to the 1965 Code of Criminal Procedure where the punishment was fixed by law, neither the judge nor the jury could exercise any discretion. The statutes involved were mandatory and there was no necessity for the jury to assess punishment. See Salinas v. State, Tex.Cr.App., 365 S.W. 2d 362; Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864.

In 1965 when Article 37.07, supra, was first enacted it provided that at the guilt stage of the bifurcated trial the instructions must include the punishment provided by law for each offense submitted.[1] In Section 2(b) thereof it also provided in part:

"In the event the defendant elects to have the jury fix the punishment in cases where the punishment is fixed by law, the court shall instruct the jury that if they find the defendant is the same person who was convicted in the prior conviction or convictions alleged for enhancement, they should set his punishment as prescribed by law."

Under such statute the jury upon certain findings was required to write into its verdict the punishment fixed by law over which punishment they exercise no discretion.

Expressly eliminating such provision, the 1967 amendment to Article 37.07, V.A.C. C.P., now reads:

"1. The verdict in every criminal action must be general. When there are special pleas on which a jury is to find they must say in their verdict that the allegations in such pleas are true or untrue. If the plea is not guilty, they must find that the defendant is either guilty or not guilty, and, except as provided in Section 2, they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty.

"2. Alternate procedure

(a) In all criminal cases, other than misdemeanor cases of which the justice court or corporation court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed.

(b) If a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in capital cases where the state has made it known in writing prior to trial that it will seek the death penalty, (2) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (3) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment.

"3. Evidence of prior criminal record in all criminal cases after a finding of guilty

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as

---

1. Cf. Harrington v. State, Tex.Cr.App., 424 S.W.2d 237; Houston v. State, Tex. Cr.App., 428 S.W.2d 353; Watts v. State, Tex.Cr.App., 430 S.W.2d 200; Baity v. State, Tex.Cr.App., 455 S.W.2d 305.

to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

(b) After the introduction of such evidence has been concluded, and if the jury has the responsibility of assessing the punishment, the court shall give such additional written instructions as may be necessary and the order of procedure and the rules governing the conduct of the trial shall be the same as are applicable on the issue of guilt or innocence.

(c) In cases where the matter of punishment is referred to the jury, the verdict shall not be complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and the amount of punishment, where the jury finds the defendant guilty. In the event the jury shall fail to agree, a mistrial shall be declared, the jury shall be discharged, and no jeopardy shall attach.

(d) When the judge assesses the punishment, and after the hearing of the evidence hereinabove provided for, he shall forthwith announce his decision in open court as to the punishment to be assessed.

(e) Nothing herein contained shall be construed as affecting the admissibility of extraneous offenses on the question of guilt or innocence. Amended by Acts 1967, 60th Leg., p. 1739, ch. 659, § 22, eff. Aug. 28, 1967."

■ Despite the provisions of Section 1 of such statute, the appellant urges that in light of Section 3(c) a verdict by a jury at the penalty stage of the trial is not complete unless it reflects the amount of punishment. We do not agree. As we construe Section 3(c) of said statute in light of Section 1 thereof it has reference only to those cases where the jury is called upon to assess punishment in those cases other than where the punishment is fixed by law.

We cannot agree that the court's action complained of constituted error.[2]

2. The charge given at the penalty stage of the trial was as follows:
"Members of the Jury:
"The defendant, Raymond Garcia Lopez, has been found guilty by you of the offense of burglary with intent to commit theft, as alleged in the first paragraph of the indictment. In addition, the indictment alleges in the second paragraph thereof, that the defendant has heretofore been convicted of a felony less than Capital, to-wit Burglary with Intent To Commit Theft.
"To this allegation in the second paragraph of the indictment the defendant has pleaded 'not true'.
"It now becomes your duty under the law to determine whether this allegation is 'true' or 'not true' and if 'not true', to set the punishment which should be assessed against this defendant. In the second paragraph of the indictment it is alleged that the defendant Raymond Garcia Lopez, under the name of Raymond Lopez was tried and convicted on or about the 27th day of May, A.D., 1960 in Cause No. S–58956 in the Criminal District Court No. 2 of Bexar County, Texas, for the offense of Burglary With Intent

To Commit Theft, a felony less than Capital, and which said conviction had become a final conviction prior to the commission of the offense which is alleged in the first paragraph of the indictment and for which you have previously found him to be guilty.
"Therefore, if you find and believe from the evidence beyond a reasonable doubt that the defendant, prior to the commission of the offense of Burglary With Intent To Commit Theft for which you have previously found him guilty was duly and legally convicted on the 27th day of May, A.D., 1960 in Cause No. S–58956 in the Criminal District Court No. 2 of Bexar County, Texas, under the name of Raymond Lopez, for the offense of Burglary With Intent To Commit Theft, a felony less than Capital, and offense then and there legally pending against him and which said Court then and there had jurisdiction of said cause; and that said conviction, if any, was for an offense committed by him prior to the commission of the offense charged against him in the first paragraph of this indictment for which you have previously found him guilty; and if you further find and

Lastly, appellant contends there was a failure to authenticate all of the attachments of State's Exhibit No. 2 introduced at the penalty stage of the proceedings. Such exhibit was the usual prison packet consisting of certified copies of the judgment and sentence entered in the alleged prior conviction, photographs and a set of fingerprints. We have examined the authentication and find it in proper form. It seems to be appellant's contention that since the judgment and sentence were entered in

a prior conviction in Bexar County, certified copies thereof from the District Clerk's office of such county should have been offered rather than certified copies of such instruments received and made a part of the commitment papers at the Texas Department of Corrections. While certainly the original records of the District Clerk's office or certified copies thereof could have been utilized by the State, we perceive no error in the procedure used.

The judgment is affirmed.

believe from the evidence beyond a reasonable doubt that each and all of the allegations set out in the second paragraph of the indictment are true, then you will so state in your verdict that you find 'true' the allegations in the second paragraph of the indictment.

"If the State has failed to prove to your satisfaction beyond a reasonable doubt that the defendant is the same person who had previously been convicted as alleged in the second paragraph of the indictment, then you, having previously found the defendant guilty of the offense of Burglary With Intent To Commit Theft, as charged in the first paragraph

of the indictment, will assess his punishment at confinement in the Texas Department of Corrections for not less than (2) years nor more than (12) years.

"Under the instructions herein given, it will not be proper for you in determining the penalty, if any, to be assessed, to fix the same by lot, chance, any system of averages, or any other method than by a full, fair and free exercise of the opinion of the individual jurors, under the evidence submitted before you.

"Respectfully submitted,
John G. Benavides, Judge
187th Judicial District
Bexar County, Texas."