Roy Cornelius **MAULDIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44228.

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Rehearing Denied Dec. 21, 1971.

Don Metcalfe, Dallas, for appellant.

Henry Wade, Dist Atty., John B. Tolle, and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary; the punishment, enhanced under Article 63, Vernon's Ann.P. C., life.

The sufficiency of the evidence is challenged, the contention being that ownership of the burglarized building was not established.

The record reflects that the appellant was arrested inside the Full Gospel Pentecostal Church in Dallas on April 28, 1969.

Harold Smith testified that he was the minister of the church. He was asked if he had care, custody and control of the property inside the church, and he replied that he did. He testified that when he arrived at the church on the night in question, the P.A. system had been taken off the wall, the organ speaker was disconnected and pushed out on the floor, and some usher clothes had been removed from the usher room. He stated that he did not give the appellant or any other person permission to break and enter the church and remove these things. He also noticed that a window in the church had been pried open.

Cleaster Brantley testified that he was a member of the church in question and worked part time as a janitor at the church. On the night in question he went to the church in response to a burglary call and notified the police.

Appellant testified that he had been drinking at a bar earlier that night, recalled taking a bus, and recalled being on the church lawn with the police, but he did not recall being inside. He claimed he was drunk and had a sketchy memory of the events of the evening. He admitted to having been convicted of the two prior felonies less than capital which were alleged for enhancement.

Appellant contends that the state failed to prove that Harold Smith "was a special owner or actual owner of the building, simply that he had control of the property inside * * *" This contention is without merit. The evidence clearly established that he *occupied* the building. Gasery v. State, 474 S.W.2d 201 (1971); George v. State, Tex.Cr.App., 454 S.W.2d 742; Kizer v. State, Tex.Cr.App., 400 S.W.2d 333; Davidson v. State, 86 Tex.Cr.R. 243,

216 S.W. 624. In Morgan v. State, 399 S. W.2d 363, this court held it was proper to allege ownership in a district superintendent, supervisor, foreman or plant superintendent. We hold that ownership may be alleged in the minister of a church. See Article 21.08, Vernon's Ann.C.C.P., Lopez v. State, Tex.Cr.App., 464 S.W.2d 882; Lamb v. State, 170 Tex.Cr.R. 23, 338 S.W. 2d 738; 4 Branch's Ann.P.C.2d 834, Sec. 2514.

The judgment is affirmed.