Lyonell **GASERY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44204.

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Rehearing Denied Jan. 11, 1972.

Bruce K. Bornefeld, Houston (Court Appointed on Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James Moseley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for the offense of attempted burglary with

punishment assessed by the jury at three years.[1]

Appellant contends that there is a fatal variance between the indictment and the proof. The indictment alleges that appellant did attempt to break and enter a "house" under the actual care, control and management of Sam Willis. The house in question is a Mading-Dugan Drug Store in Houston and appellant urges that the proof shows that one Jean Seagle was the only special owner.

Willis testified that in the early morning hours of the day in question, he went to the drug store where he worked as a pharmacist in response to a telephone call from the burglar alarm system to which the store was connected; that he had care, custody and control of the store at that moment and that he had not given appellant or anyone else consent to enter such establishment. The testimony of Willis revealed that a Miss Jean Seagle was the manager of the store and that he was new and was being trained as manager for another store; that he had keys to the store and had the authority to lock the store and open the store; that he had worked the night before from one o'clock to nine o'clock and in response to questions as to whether he or Miss Seagle was the manager at the time in question, Willis testified, "As I said, by designation of the company, she was manager of the store. But by law, when she is absent, I am the manager of the store." Willis further testified that Jean Seagle was absent from the store when he was called at the time in question.

Art. 21.08, Vernon's Ann.C.C.P., provides in part, "Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them * * *."

In Bebout v. State, Tex.Cr.App., 418 S. W.2d 685, allegation of ownership and possession was in painting contractor left in charge of the house, along with the maid, during owner's absence, was sufficient under statute, although at time pistols were taken, painting contractor had gone to paint store and the maid was in the house. Both the maid and the painting contractor had keys to the house. This court said, "The provisions of Art. 21.08 * * * as to ownership apply alike to special owners as well as general owners."

The fact that another had been designated as manager of the drug store would not preclude Willis from being a special owner. Bebout, supra; Walling v. State, Tex. Cr.App., 437 S.W.2d 563; Dean v. State, 165 Tex.Cr.R. 417, 308 S.W.2d 501.

In George v. State, Tex.Cr.App., 454 S. W.2d 742, one O'Quinn was named in indictment as occupying and controlling burglarized church; although proof showed that he had never been designated church custodian, he locked and fastened the church and was usually the first one to arrive. This court held that the evidence was sufficient to establish that O'Quinn had care, custody and control of the church. See Mauldin v. State, Tex.Cr. App., 473 S.W.2d 935 (1971).

We reject appellant's contention that there is a fatal variance between the indictment and the proof. The evidence established that Willis had actual care, control and management of the drug store at the time in question.

The judgment is affirmed.

Opinion approved by the Court.

---

1. See also Gasery v. State, Tex.Cr.App., 465 S.W.2d 377.