Cecil C. PERKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 45571.

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

**918**

Fred A. Semaan, Sam C. Bashara, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon Armstrong and Keith W. Burns, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant seeks relief from a conviction for the offense of burglary with intent to commit theft. Trial was held before the court and punishment was assessed at three years' confinement.

Two grounds of error are alleged.

M. F. Swango, the manager of a motel in San Antonio, testified that on February 21, 1971, he observed two men (one of whom he identified as appellant) drive up and park in the motel parking area. The two men got a bumper jack from the trunk of the car and proceeded up a staircase to Room 220, the room directly above the manager's apartment. The manager further testified that he then heard scraping noises and bumps coming from Room 220, and that he knew that the room had not been rented to anyone on that particular day. After notifying the police, the manager proceeded upstairs and observed the two men prying and tugging at the color television set in Room 220. The manager then returned to his own apartment; the two men returned to their car, without the television, and threw the bumper jack into the back seat of the automobile. They then walked away, out of the manager's sight.

Police officers soon arrived and searched several nearby rooms, but to no avail. With the manager, one of the police officers proceeded to a nearby restaurant where appellant and his companion were located. They were arrested at that point.

Appellant testified in his own behalf. He stated that his companion had a key to Room 220, and that they entered the room with the purpose of stealing the television.

Appellant testified that after unsuccessfully trying to pry loose the set, they left.

■ In his first ground of error, appellant challenges the indictment, alleging that there is a fatal variance between the indictment and the facts proved by the State. The indictment charges that appellant ·unlawfully "entered the house *occupied* and controlled by M. F. Swango . . . ." (emphasis added) It is appellant's contention that the fatal variance occurred because of the testimony of Swango, the manager of the motel, that on the day in question he did not occupy that room nor had he ever occupied it, in the sense of residing in that room.

The case of Davidson v. State, 86 Tex. Cr.R. 243, 216 S.W. 624 (Tex.Cr.App.1919) is very much in point. There the defendant alleged that the evidence did not support the allegation of "occupancy" of the burglarized house. This Court stated:

> "We do not deem it necessary, in order to constitute occupancy, within the meaning of the burglary statute, that there be the actual corporeal presence of the alleged occupant in the house at the time. In Moore v. State, 48 Tex.Cr.R. 400, 88 S.W. 230, this court held the term 'occupancy' as equivalent to 'possession.' In Tidwell v. State, Tex.Cr.App., 45 S.W. 1015, we held 'occupancy' tantamount to 'ownership.' One may occupy premises miles away from his sleeping, eating, or staying quarters, by keeping his goods there, or by other means not necessary here to enumerate."

In the instant case, the manager of the motel was sufficiently established as the special owner of the burglarized premises. He testified that he had the sole care, custody, and control of the motel. Therefore,

his "occupancy" of the burglarized room, meaning a form of ownership, was clearly shown. Appellant's first ground of error is without merit. See George v. State, 454 S.W.2d 742 (Tex.Cr.App.1970); Mauldin v. State, 473 S.W.2d 935 (Tex.Cr.App.1971); Lamater v. State, 38 Tex.Cr.R. 249, 42 S. W. 304 (1897); Hasley v. State, 87 Tex. Cr.R. 444, 222 S.W.2d 579 (1920); Moore v. State, 59 Tex.Cr.R. 361, 128 S.W. 1115 (1910).

■ Appellant next contends that the evidence is insufficient to show that he *broke* into Room 220, since his companion had told him he had rented a room in the motel and appellant believed that he was, in fact, renting and occupying Room 220. However, as previously stated, appellant himself testified that he and the co-defendant entered the room intending to steal a color television set. He also testified that they used a key to enter.

The opening of a closed door is sufficient to constitute force and breaking as used in the burglary statute. Lee v. State and cases cited therein, 459 S.W.2d 851, 853 (Tex.Cr.App.1970).

■■ In Texas, the intent required to be proved in a burglary case is the intent to commit a felony or the crime of theft. Article 1389, Vernon's Ann.P.C. Also, the fact of breaking and entering is strong evidence of some bad or evil intent. Greer v. State, 437 S.W.2d 558 (Tex.Cr.App.1969). When appellant stated that he entered the room intending to steal the television, he thus supplied the evidence sufficiently showing the only intent element which had to be established.

There is no reversible error in this cause. The judgment is affirmed.