**Lawyer McKINNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60259.**

Court of Criminal Appeals of Texas, Panel No. 1.

May 6, 1981.

Barry J. O'Keefe, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Larry Knapp, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for State.

Before ROBERTS, DALLY and TEAGUE, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction of the offense of burglary. The punishment, enhanced by one prior felony conviction, is imprisonment for twenty-five years.

The appellant raises six grounds of error complaining of the following: the trial court erred in failing to submit a charge on the lesser included offense of criminal trespass; a fatal variance exists between the court's charge and the indictment; and the court's charge is fundamentally defective because it includes an issue that is unsupported by the evidence.

In three grounds of error, the appellant contends that the trial court erred in failing to submit his specially requested charge on the lesser included offense of criminal trespass. A lesser included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction in a lesser included offense. *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); *Watson v. State*, 605 S.W.2d 877 (Tex.Cr. App.1980) (Dally, J., concurring in part and dissenting in part). See also *Berra v. United States*, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1958); *Sparf v. United States*, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895); *United States v. Madden*, 525 F.2d

972 (5th Cir. 1976); *Yates v. United States,* 384 F.2d 586 (5th Cir. 1967).

 The State's evidence shows that the appellant burglarized the St. James Church. The appellant's defense was that he never entered upon the church property; he testified that he found the stolen items in a ditch next to the church. There is no disputed factual element raised by the evidence entitling the appellant to a charge on the lesser included offense of criminal trespass.

 The appellant next asserts that a fatal variance exists between the court's charge and the indictment. The charge states, inter alia;

> "that ... Lawyer McKinney, did enter a building not then open to the public, *occupied, controlled, and in possession of* James C. Franklin, hereinafter called the owner, without the effective consent of said owner ..." [Emphasis added.]

The indictment alleges, in part, that the appellant on or about November 4, 1977,

> "... did then and there unlawfully commit an offense hereafter styled the primary offense, in that he did with intent to commit theft, enter a building not then open to the public, *owned by* James C. Franklin, hereafter styled the Complainant, without the effective consent of the Complainant." [Emphasis added.]

The appellant says that the inclusion of the words "occupied, controlled, and in possession of" in the court's charge creates a fatal variance with the indictment. This contention is without merit. See *Phillips v. State,* 538 S.W.2d 116 (Tex.Cr.App.1976).

 In his remaining two grounds of error, the appellant alleges that the court's charge was fundamentally defective because it permitted conviction on a theory not supported by the evidence, namely that there is no evidence that the church was "occupied" when it was burglarized. In his brief, the appellant says, "... it should be undisputed that the church was 'vacant' at the time of the alleged offense. The complainant herein testified that there had been no church activities the preceding day.

Further, when he had checked on the church the preceding morning, before noon on November 3, 1977, the church was 'locked' and 'vacant.'" We hold this contention to be without merit since the evidence sufficiently establishes that Reverend James Franklin *occupied* the church within the meaning of V.T.C.A. Penal Code, Sec. 31.02; Rev. Franklin testified that he had care, custody, and control of the church. See *Mauldin v. State,* 473 S.W.2d 935 (Tex. Cr.App.1971). The fact that Rev. Franklin was not at the church when the burglary occurred is irrelevant. See *Perkins v. State,* 489 S.W.2d 917 (Tex.Cr.App.1973); *Kizer v. State,* 400 S.W.2d 333 (Tex.Cr.App. 1966); *Warren v. State,* 120 Tex.Cr.R. 58, 47 S.W.2d 288 (1932); *Davidson v. State,* 86 Tex.Cr.R. 243, 216 S.W. 624 (1919).

The judgment is affirmed.

ROBERTS, J., concurs in the result.