Opinion filed April 2, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 2,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00004-CR 

                                                     __________

 

                                 JORGE
LUIS BANUELOS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,  Appellee

 

 



 

                                          On
Appeal from the 32nd District Court

 

                                                         Mitchell
County, Texas

 

                                                   Trial
Court Cause No. 6983A

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Jorge Luis Banuelos of burglary of a habitation and sentenced
him to confinement in the Institutional Division of the Texas Department of
Criminal Justice for a term of fifty years.  Appellant challenges his
conviction in four issues.  We affirm.

                                                               Background
Facts








The
indictment alleged that appellant entered Tabitha Gonzales=s habitation with the
intent to commit theft.  Appellant=s
girlfriend, Anna Maria Diaz, lived in Apartment No. 12 of the Colorado City
Apartments, and Gonzales lived in an apartment located across the hall.  Diaz
testified that a group of her friends, including appellant, had assembled in
the hallway between the two apartments.  Diaz further testified that appellant
kicked down the door of Gonzales=s
apartment.  She additionally testified that appellant entered Gonzales=s apartment after kicking
the door down.  Diaz retreated to the bathroom of her apartment upon witnessing
this event because she was upset.  After exiting her bathroom, Diaz observed
items removed from Gonzales=s
apartment in her apartment.  She observed appellant inside of her apartment at
this time along with some of her friends.

Appellant
testified on his own behalf during the guilt/innocence phase of the trial.  He
denied kicking in the door of Gonzales=s
apartment or entering it.  He testified that he informed Diaz at the time that
the events occurred that he wanted to break up with her and go back with his
wife.  Appellant testified that Diaz ran to her bathroom because she was upset
with him and that he never left her apartment when the others entered Gonzales=s apartment.

                                                        Sufficiency
of the Evidence








Appellant
challenges the sufficiency of the evidence in his first three issues.  We
assume that he challenges both the legal and factual sufficiency of the
evidence in the absence of a specification by appellant of the nature of his
evidentiary challenge.  In order to determine if the evidence is legally
sufficient, we must review all the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Hooper v. State, 214 S.W.3d 9, 13
(Tex. Crim. App. 2007); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim.
App. 2000).  To determine if the evidence is factually sufficient, the
appellate court reviews all of the evidence in a neutral light.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10‑11 (Tex. Crim. App. 2000); Cain v. State, 958
S.W.2d 404, 407‑08 (Tex. Crim. App. 1997); Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing court determines
whether the evidence supporting the verdict is so weak that the verdict is
clearly wrong and manifestly unjust or whether the verdict is against the great
weight and preponderance of the conflicting evidence. Watson, 204 S.W.3d
at 414‑15; Johnson, 23 S.W.3d at 10‑11.  The jury, as the
finder of fact, is the sole judge of the weight and credibility of the
witnesses= testimony. Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979).

In
his first issue, appellant contends that there was insufficient evidence to
establish that Gonzales=s
apartment constituted a habitation under the Penal Code.  A Ahabitation@ is a structure that is
adapted for the overnight accommodation of persons and includes each structure
appurtenant to or connected with the structure.  Tex. Penal Code Ann. '
30.01(1)(B) (Vernon 2003).  In Blankenship v. State, 780 S.W.2d 198, 209
(Tex. Crim. App. 1988), the Texas Court of Criminal Appeals explained that Aadapted@ means Asuitable.@  Factors to be considered
in determining whether a structure is suitable for the overnight accommodation
of persons include the following:  (1) whether the structure was being
used as a residence at the time of the trespass; (2) whether the structure Acontained bedding,
furniture, utilities, or other belongings common to a residential structure@; and (3) whether the
structure was of such character that it was likely intended to accommodate
persons overnight.  Id.  Gonzales testified that she lived in the
apartment at the time the burglary occurred and that she continued to reside
there at the time of trial.  This evidence overwhelmingly supports the jury=s determination that
Gonzales=s apartment
constituted a habitation.  Appellant=s
first issue is overruled.

Appellant
asserts in his second issue that there is insufficient evidence to establish
that the property was appropriated without Gonzales=s effective consent.  There are three distinct
ways in which one may commit the offense of burglary under Tex. Penal Code Ann. ' 30.02 (Vernon 2003).  DeVaughn
v. State, 749 S.W.2d 62, 64 (Tex. Crim. App. 1988).  Under Section
30.02(a)(1), the offense may be committed by intentionally or knowingly
entering a building or habitation not then open to the public, without the
effective consent of the owner and with the intent to commit a felony or
theft.  Id.  Under Section 30.02(a)(2), one may commit burglary by
intentionally or knowingly remaining concealed in a building or habitation,
without the effective consent of the owner and with the intent to commit a
felony or theft.  Id. at 65.  Under Section 30.02(a)(3), one may commit
burglary by intentionally and knowingly entering a building or habitation,
without the effective consent of the owner, and committing or attempting to
commit a felony or theft.  Id.








The
State charged appellant with burglary solely under Section 30.02(a)(1) by
alleging that he entered Gonzales=s
habitation with the intent to commit theft.  To prove burglary under
Section 30.02(a)(1), the intent to commit theft must exist at the moment
of entry. Id.   The offense is complete upon entry; a completed theft is
unnecessary.  Id.  Under the applicable law and the nature of the
offense alleged, the State was not required to prove appellant stole property from
Gonzales=s apartment. 
To the contrary, the State only had to show that appellant entered Gonzales=s apartment with the intent
to commit theft.  Accordingly, the State was not required to establish a
completed theft in order to establish that appellant committed burglary. 
Gonzales=s lack of
consent to the appropriation of her property was not an issue before the jury
with respect to the alleged offense.[1]  Thus,
appellant=s
evidentiary challenge to the consent issue is without merit because it does not
address an essential element of the charged offense.  Appellant=s second issue is
overruled.             In his third issue, appellant contends that there is
insufficient evidence to establish that he possessed an intent to commit theft
at the time of entry.  He argues that the State was required to establish that
he actually committed the subsequent theft in order to establish that he
possessed an intent to commit theft at the time of entry.  We disagree.  As set
forth above, the State was not required to prove a completed theft in order to
obtain a conviction under Section 30.02(a)(1).

 Intent,
as an essential element of burglary, must be proved by the State beyond a
reasonable doubt and may not be left simply to speculation and surmise.  See
McGee v. State, 923 S.W.2d 605, 608 (Tex. App.CHouston [1st Dist.] 1995, no pet.).  The gist
of burglary is entry with the requisite intent.  Alexander v. State, 873
S.W.2d 793, 795 (Tex. App.CBeaumont
1994, pet. ref=d). 
The jury is exclusively empowered to determine the issue of intent in a
burglary trial.  McGee, 923 S.W.2d at 608.  Thus, intent as alleged is a
fact issue for the jury. Moore v. State, 54 S.W.3d 529, 539 (Tex. App.CFort Worth 2001, pet. ref=d).








Proof
of a culpable mental state generally relies upon circumstantial evidence.  Dillon
v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978).  Since mental
culpability is of such a nature that it must be inferred from circumstances
under which the prohibited act occurred, the trier of fact may infer intent
from any facts in evidence that tend to prove the existence of such intent.  Skillern
v. State, 890 S.W.2d 849, 880 (Tex. App.CAustin
1994, pet. ref=d). 
The jury may infer intent from the acts, words, and conduct of the accused, Dues
v. State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982); Moore, 54
S.W.3d at 539, and all circumstances surrounding the acts and conduct engaged
in by the accused.  See Parramore v. State, 853 S.W.2d 741, 745 (Tex.
App.CCorpus Christi
1993, pet. ref=d). 

The
fact of breaking and entering a habitation or building is always strong
evidence of some bad or evil intent in a prosecution for burglary.  See
Perkins v. State, 489 S.W.2d 917, 919 (Tex. Crim. App. 1973); Greer v.
State, 437 S.W.2d 558, 560 (Tex. Crim. App. 1969).  In addition to evidence
that appellant kicked down the door of Gonzales=s
apartment and entered it, there is evidence that property was subsequently
removed from Gonzales=s
apartment and placed in Diaz=s
apartment.  This evidence served as a basis for permitting the jury to infer
that appellant had the intent to commit theft when he entered Gonzales=s apartment.  Furthermore,
the State offered into evidence a letter written by appellant to Diaz while he
was incarcerated awaiting trial.  Appellant stated as follows in the letter: 

As far as my case
goes, they indicted me on nothing but statements.  So if you know who snitched
on me you better tell them to sign an affidavit cuz I=m thinkin about takin it to trial, unless they
come at me with probation or a two year sentence which is tha minimum they
could give me.  But if I do take it to trial I can get my hands on those
statements and all I gotta do is hand them names over to my people.  And they=ll be down here stickin
niggas in they trunk and off they go to the promise land never to be seen
again.

 

Appellant=s instruction to Diaz that
she Abetter tell [his
accusers] to sign an affidavit,@
coupled with his threat of retaliation against his accusers, constitutes an
attempt to suppress the testimony of witnesses.  As such, it evokes a Aconsciousness of guilt.@  See Torres v. State,
794 S.W.2d 596, 598‑99 (Tex. App.CAustin
1990, no pet.), where the court stated:

A[C]onsciousness of guilt@ [evidence] is perhaps one
of the strongest kinds of evidence of guilt.  It is consequently a well
accepted principle that any conduct on the part of a person accused of a crime
subsequent to its commission, which indicates a Aconsciousness
of guilt@ may be
received as a circumstance tending to prove that he committed the act with
which he is charged (emphasis added).

 








Based
upon these items of evidence, we conclude that a rational trier of fact could
have found that appellant entered Gonzales=s
apartment with the intent to commit theft beyond a reasonable doubt.  From a
factual sufficiency standpoint, the evidence supporting the verdict is not so
weak that the verdict is clearly wrong and manifestly unjust.  Furthermore,
appellant=s
self-serving, contrary testimony did not cause the verdict to be against the
great weight and preponderance of the evidence.  Appellant=s third issue is overruled.

Appellant=s fourth issue pertains to
the trial court=s jury
charge.  Appellant contends that the charge was fundamentally defective because
it did not require the State to prove that appellant appropriated Gonzales=s property without her
effective consent.  We disagree.  As set forth in our discussion of appellant=s second and third issues,
the State was not required to prove a completed theft in order to obtain a
conviction under Section 30.02(a)(1).  The charge was not defective because the
State was not required to prove that appellant appropriated any property from
Gonzales without her effective consent.  Appellant=s fourth issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

April 2, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Based upon Gonzales=s
testimony at trial detailing the nature of property stolen from her apartment,
we conclude that a rational trier of fact could have readily concluded that the
property was taken without her effective consent had that been an issue for the
jury to determine.