

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0157-20

### ROBERT ERIC WADE, III, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### WILLIAMSON COUNTY

**KELLER, P.J., filed a dissenting opinion in which YEARY, J., joined.**

Charged with aggravated assault by causing serious bodily injury, Appellant sought

submission of a lesser-included-offense instruction on assault with bodily injury. The Court

holds that it was error to deny submission of the requested charge. But there was no factual

dispute in this case about what the victim's injury actually was. That being so, the question

of whether the victim suffered serious permanent disfigurement is a question of law, not of

fact.

Part of the test for determining whether a defendant is entitled to a lesser-included-

offense instruction is that there must be evidence from which a jury can rationally find the defendant guilty only of the lesser-included offense.[1] This rationality requirement allows the roles of the court and jury to be better understood.[2] The traditional way in which the roles of court and jury contrast is that the court decides the law and the jury decides the facts.[3] The jury has some leeway to draw conflicting inferences from even undisputed facts, but that is only true when there are "two permissible views of the evidence."[4]

"A lesser included offense instruction is only proper when the charged greater offense requires the jury to find *a disputed factual element* which is not required for conviction in a lesser included offense."[5] In the context of reviewing the sufficiency of the evidence, we have said that the meaning of a statutory element of a criminal offense is an issue of law, subject

---

[1] *Ortiz v. State*, 623 S.W.3d 804, 806 (Tex. Crim. App. 2021); *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993).

[2] *Rousseau*, *supra*.

[3] *See* TEX. CODE CRIM. PROC. art. 36.13 ("Unless otherwise provided in this Code, the jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby."); *Gonzalez v. State*, 616 S.W.3d 585, 588 (Tex. Crim. App. 2020) (referring to jury's "exclusive role as judges of the facts proved"); *In re Allen*, 462 S.W.3d 47, 51 (Tex. Crim. App. 2015) (observing that Art. 36.13 has been cited to support "the common notion that a jury decides facts, and the court applies the law to the facts.").

[4] *Evans v. State*, 202 S.W.3d 158, 163 (Tex. Crim. App. 2006).

[5] *McKinney v. State*, 615 S.W.2d 223, 224 (Tex. Crim. App. 1981) (emphasis added) (rejecting claim that lesser-included offense should have been submitted because there was "no disputed factual element raised by the evidence" that would have entitled the defendant to a criminal trespass instruction in a burglary case).

to *de novo* review.[6]  And when deciding whether a defendant should receive an Article 38.23 jury instruction, we have explained that an instruction was not required when there was no material factual dispute in the case, but "only a dispute among the witnesses with respect to the legal significance of what are, in essence, undisputed facts."[7]  Finally, in a recent case, we recognized that the legal meaning of the word "operate" entitled the defendant to an instruction on necessity regardless of her personal definition of the word.[8]  In that case, we held that  although the defendant testified that she was not operating the vehicle, the facts that she testified to satisfied the legal definition of "operate."[9]

An injury constitutes "serious bodily injury" if it, among other things, amounts to "serious permanent disfigurement."[10]  There is no question that the injury to the victim's ear in this case amounts to "disfigurement" and that this disfigurement is "permanent."  The only question is whether the permanent disfigurement is "serious."

It is undisputed that the victim's entire earlobe was amputated by Appellant biting it off.  The medical testimony established this, the jury had an opportunity to view the victim,

---

[6] *Day v. State*, 614 S.W.3d 121, 127 (Tex. Crim. App. 2020) ("In some cases, however, legal sufficiency turns upon the meaning of the statute under which the defendant is being prosecuted. We ask if certain conduct actually constitutes an offense under the statute. . . . Statutory interpretation is a question of law that we review de novo.").

[7] *Robinson v. State*, 377 S.W.3d 712, 720 (Tex. Crim. App. 2012).

[8] *Maciel v. State*, 631 S.W.3d 720, 725 (Tex. Crim. App. 2021).

[9] *Id.*

[10] TEX. PENAL CODE § 1.07(a)(46).

and the jury was able to view photos of the victim's ear, both before and after medical treatment. There was no dispute about the condition of the victim's ear, before or after treatment. There were not even conflicting factual inferences for the jury to resolve. Appellant did testify that he thought the damage to the ear was not a noticeable or serious disfigurement, but that testimony created only a dispute among the witnesses with respect to the legal significance of undisputed facts. Appellant's subjective impression of the injury was not a "shorthand rendition of the facts" that would constitute a lay opinion under Rule 701.[11] Rather, it was a value judgment about whether the damage constituted a serious disfigurement. But the meaning of the statutory term "serious permanent disfigurement" is a legal determination that a court must make—first the trial court, then a court of appeals, and ultimately, at some point, this Court.[12]

---

[11] *See Fairow v. State*, 943 S.W.2d 895, 900 (Tex. Crim. App. 1997) ("[A]n opinion may not be helpful from a witness who is able to articulate his perceptions in great detail (thus increasing the likelihood that the jury could formulate its own opinion). If the events are difficult or impossible to describe, however, an opinion is likely to be helpful. Texas courts before and after promulgation of Rule 701 have approvingly referred to such opinion testimony as a 'shorthand rendition' of the facts.") (citations omitted).

[12] Moreover, as the Court observes, disfigurement must be measured at the time of injury rather than after ameliorative medical treatment. *See also Pruett v. State*, 510 S.W.3d 925, 929 (Tex. Crim. App. 2017) ("In assessing the sufficiency of the evidence to establish serious bodily injury, we analyze the degree of risk posed by the injury as it was inflicted, not after the harm is ameliorated or exacerbated by other actions such as medical treatment."); *Blea v. State*, 483 S.W.3d 29, 33-34 (Tex. Crim. App. 2016) (discussing *Brown v. State*, 605 S.W.2d 572, 575 (Tex. Crim. App. 1980), involving whether a broken and deformed nose could qualify as "serious permanent disfigurement"). Appellant's opinion about whether the victim's injury was noticeable appears to have been based on observation of the victim after treatment. I need not address whether a factual dispute about a victim's post-treatment condition could ever raise a factual dispute about the victim's pre-treatment condition because Appellant failed to raise a factual dispute about the victim's condition before or after treatment.

In this case, I would hold as a matter of law that the victim suffered serious permanent disfigurement. But even if I were not prepared to make such a holding at this juncture, Appellant's lesser-included-offense claim would still fail. Whether the undisputed injury that occurred here amounted to serious permanent disfigurement was a question of law that would be relevant to a sufficiency review. Appellant was free to, and in fact did, litigate the issue of whether the evidence was sufficient to show that the victim suffered "serious" permanent disfigurement.[13] Without a factual dispute about the nature or extent of the injury, a legal sufficiency challenge was his only available avenue for relief. The court of appeals rejected that challenge,[14] and that rejection is not at issue before us.

I respectfully dissent.

Filed: April 6, 2022

Publish

---

[13] *See Wade v. State*, 594 S.W.3d 804, 811 (Tex. App.—Austin 2020).

[14] *Id.* at 813.