**Opinion filed April 2, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00004-CR

_____

**JORGE LUIS BANUELOS, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 32nd District Court**

**Mitchell County, Texas**

**Trial Court Cause No. 6983A**

**M E M O R A N D U M   O P I N I O N**

The jury convicted Jorge Luis Banuelos of burglary of a habitation and sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of fifty years. Appellant challenges his conviction in four issues. We affirm.

*Background Facts*

The indictment alleged that appellant entered Tabitha Gonzales's habitation with the intent to commit theft. Appellant's girlfriend, Anna Maria Diaz, lived in Apartment No. 12 of the

Colorado City Apartments, and Gonzales lived in an apartment located across the hall. Diaz testified that a group of her friends, including appellant, had assembled in the hallway between the two apartments. Diaz further testified that appellant kicked down the door of Gonzales's apartment. She additionally testified that appellant entered Gonzales's apartment after kicking the door down. Diaz retreated to the bathroom of her apartment upon witnessing this event because she was upset. After exiting her bathroom, Diaz observed items removed from Gonzales's apartment in her apartment. She observed appellant inside of her apartment at this time along with some of her friends.

Appellant testified on his own behalf during the guilt/innocence phase of the trial. He denied kicking in the door of Gonzales's apartment or entering it. He testified that he informed Diaz at the time that the events occurred that he wanted to break up with her and go back with his wife. Appellant testified that Diaz ran to her bathroom because she was upset with him and that he never left her apartment when the others entered Gonzales's apartment.

*Sufficiency of the Evidence*

Appellant challenges the sufficiency of the evidence in his first three issues. We assume that he challenges both the legal and factual sufficiency of the evidence in the absence of a specification by appellant of the nature of his evidentiary challenge. In order to determine if the evidence is legally sufficient, we must review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11. The jury, as the finder of fact, is the

2

sole judge of the weight and credibility of the witnesses' testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

In his first issue, appellant contends that there was insufficient evidence to establish that Gonzales's apartment constituted a habitation under the Penal Code. A "habitation" is a structure that is adapted for the overnight accommodation of persons and includes each structure appurtenant to or connected with the structure. TEX. PENAL CODE ANN. § 30.01(1)(B) (Vernon 2003). In *Blankenship v. State*, 780 S.W.2d 198, 209 (Tex. Crim. App. 1988), the Texas Court of Criminal Appeals explained that "adapted" means "suitable." Factors to be considered in determining whether a structure is suitable for the overnight accommodation of persons include the following: (1) whether the structure was being used as a residence at the time of the trespass; (2) whether the structure "contained bedding, furniture, utilities, or other belongings common to a residential structure"; and (3) whether the structure was of such character that it was likely intended to accommodate persons overnight. *Id*. Gonzales testified that she lived in the apartment at the time the burglary occurred and that she continued to reside there at the time of trial. This evidence overwhelmingly supports the jury's determination that Gonzales's apartment constituted a habitation. Appellant's first issue is overruled.

Appellant asserts in his second issue that there is insufficient evidence to establish that the property was appropriated without Gonzales's effective consent. There are three distinct ways in which one may commit the offense of burglary under TEX. PENAL CODE ANN. § 30.02 (Vernon 2003). *DeVaughn v. State*, 749 S.W.2d 62, 64 (Tex. Crim. App. 1988). Under Section 30.02(a)(1), the offense may be committed by intentionally or knowingly entering a building or habitation not then open to the public, without the effective consent of the owner and with the intent to commit a felony or theft. *Id*. Under Section 30.02(a)(2), one may commit burglary by intentionally or knowingly remaining concealed in a building or habitation, without the effective consent of the owner and with the intent to commit a felony or theft. *Id*. at 65. Under Section 30.02(a)(3), one may commit burglary by intentionally and knowingly entering a building or habitation, without the effective consent of the owner, and committing or attempting to commit a felony or theft. *Id*.

The State charged appellant with burglary solely under Section 30.02(a)(1) by alleging that he entered Gonzales's habitation with the intent to commit theft. To prove burglary under

Section 30.02(a)(1), the intent to commit theft must exist at the moment of entry. *Id.* The offense is complete upon entry; a completed theft is unnecessary. *Id.* Under the applicable law and the nature of the offense alleged, the State was not required to prove appellant stole property from Gonzales's apartment. To the contrary, the State only had to show that appellant entered Gonzales's apartment with the intent to commit theft. Accordingly, the State was not required to establish a completed theft in order to establish that appellant committed burglary. Gonzales's lack of consent to the appropriation of her property was not an issue before the jury with respect to the alleged offense.[1] Thus, appellant's evidentiary challenge to the consent issue is without merit because it does not address an essential element of the charged offense. Appellant's second issue is overruled.

In his third issue, appellant contends that there is insufficient evidence to establish that he possessed an intent to commit theft at the time of entry. He argues that the State was required to establish that he actually committed the subsequent theft in order to establish that he possessed an intent to commit theft at the time of entry. We disagree. As set forth above, the State was not required to prove a completed theft in order to obtain a conviction under Section 30.02(a)(1).

Intent, as an essential element of burglary, must be proved by the State beyond a reasonable doubt and may not be left simply to speculation and surmise. *See McGee v. State*, 923 S.W.2d 605, 608 (Tex. App.—Houston [1st Dist.] 1995, no pet.). The gist of burglary is entry with the requisite intent. *Alexander v. State*, 873 S.W.2d 793, 795 (Tex. App.—Beaumont 1994, pet. ref'd). The jury is exclusively empowered to determine the issue of intent in a burglary trial. *McGee*, 923 S.W.2d at 608. Thus, intent as alleged is a fact issue for the jury. *Moore v. State*, 54 S.W.3d 529, 539 (Tex. App.—Fort Worth 2001, pet. ref'd).

Proof of a culpable mental state generally relies upon circumstantial evidence. *Dillon v. State*, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978). Since mental culpability is of such a nature that it must be inferred from circumstances under which the prohibited act occurred, the trier of fact may infer intent from any facts in evidence that tend to prove the existence of such intent. *Skillern v. State*, 890 S.W.2d 849, 880 (Tex. App.—Austin 1994, pet. ref'd). The jury may infer intent from the acts, words, and conduct of the accused, *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App.

---

[1] Based upon Gonzales's testimony at trial detailing the nature of property stolen from her apartment, we conclude that a rational trier of fact could have readily concluded that the property was taken without her effective consent had that been an issue for the jury to determine.

1982); *Moore*, 54 S.W.3d at 539, and all circumstances surrounding the acts and conduct engaged in by the accused. *See Parramore v. State*, 853 S.W.2d 741, 745 (Tex. App.—Corpus Christi 1993, pet. ref'd).

The fact of breaking and entering a habitation or building is always strong evidence of some bad or evil intent in a prosecution for burglary. *See Perkins v. State*, 489 S.W.2d 917, 919 (Tex. Crim. App. 1973); *Greer v. State*, 437 S.W.2d 558, 560 (Tex. Crim. App. 1969). In addition to evidence that appellant kicked down the door of Gonzales's apartment and entered it, there is evidence that property was subsequently removed from Gonzales's apartment and placed in Diaz's apartment. This evidence served as a basis for permitting the jury to infer that appellant had the intent to commit theft when he entered Gonzales's apartment. Furthermore, the State offered into evidence a letter written by appellant to Diaz while he was incarcerated awaiting trial. Appellant stated as follows in the letter:

> As far as my case goes, they indicted me on nothing but statements. So if you know who snitched on me you better tell them to sign an affidavit cuz I'm thinkin about takin it to trial, unless they come at me with probation or a two year sentence which is tha minimum they could give me. But if I do take it to trial I can get my hands on those statements and all I gotta do is hand them names over to my people. And they'll be down here stickin niggas in they trunk and off they go to the promise land never to be seen again.

Appellant's instruction to Diaz that she "better tell [his accusers] to sign an affidavit," coupled with his threat of retaliation against his accusers, constitutes an attempt to suppress the testimony of witnesses. As such, it evokes a "consciousness of guilt." *See Torres v. State*, 794 S.W.2d 596, 598-99 (Tex. App.—Austin 1990, no pet.), where the court stated:

> "[C]onsciousness of guilt" [evidence] is perhaps one of the strongest kinds of evidence of guilt. It is consequently a well accepted principle that any conduct on the part of a person accused of a crime subsequent to its commission, which indicates a "consciousness of guilt" may be received *as a circumstance tending to prove that he committed the act with which he is charged* (emphasis added).

Based upon these items of evidence, we conclude that a rational trier of fact could have found that appellant entered Gonzales's apartment with the intent to commit theft beyond a reasonable doubt. From a factual sufficiency standpoint, the evidence supporting the verdict is not so weak that the verdict is clearly wrong and manifestly unjust. Furthermore, appellant's self-serving, contrary

testimony did not cause the verdict to be against the great weight and preponderance of the evidence. Appellant's third issue is overruled.

Appellant's fourth issue pertains to the trial court's jury charge. Appellant contends that the charge was fundamentally defective because it did not require the State to prove that appellant appropriated Gonzales's property without her effective consent. We disagree. As set forth in our discussion of appellant's second and third issues, the State was not required to prove a completed theft in order to obtain a conviction under Section 30.02(a)(1). The charge was not defective because the State was not required to prove that appellant appropriated any property from Gonzales without her effective consent. Appellant's fourth issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

April 2, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.